# Hill, *et al*, *v.* Houk, *et al.*

*Bill to Prevent Diversion of Property From The Use For Which It Was Dedicated.*

(Decided May 21, 1908.　46 South. 562.)

1. *Appeal; Questions Presented; Assignment of Error.*—Where the overruling of a demurrer is assigned as error and counsel in brief discuss and insist upon questions not raised by the demurrer and do not insist upon the questions raised, such assignment will not be considered.

[Hill, et al. v. Houk, et al.]

2. *Dedication; Revocation.*—A bill filed by trustees of a public school district alleging that the holder of the legal title of the property, dedicated the same to the district for school purposes; that they afterwards re-asserted their control over the property and sought to usurp the functions of the district trustees in the selection of teachers for the school and the use of the property for that purpose, and praying for an injunction restraining the holder of the legal title from interfering with the use of the property for public school purposes, sufficiently states a cause of action for the protection of the public easement by preventing a diversion of the use of the property from the purpose to which it was dedicated.

3. *Schools and School Districts; Authority of District Trustees to Sue.*—Under the act providing for the re-districting of the state as to public schools, and providing for the management and control of the same, the district trustees are clothed with the duty to conserve the right of the public to the use of public school property for public school purposes, and they have the right and authority to resort to chancery, when necessary, just as the proper officers of a city or the Attorney General of the State has, when the rights of the people of the city or state are invaded.

4. *Dedication; Requisite; Oral Dedication.*—Any act clearly manifesting an intent and purpose on the part of owners of the property to appropriate or dedicate it to a public use is sufficient and a writing is not necessary to the validity of the dedication.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by H. P. Houk and others against A. Hill and others. From a decree for complainants, defendants appeal. Affirmed.

The bill allegess that Houk and Jones, together with the respondent C. B. Kirkpatrick, are the duly qualified trustees of Garth public school district No. 67 in Jackson county, Ala., created by the redistricting board of that county in the year 1904. At the time of the organization of said district there was located therein a schoolhouse, a two-story frame building, erected by Rousseau Bros., which at first was their private property, but prior to 1904 said property was deeded by them to respondent Kirkpatrick, L. Jones, Flannagan, and Smith for school purposes. It was stipulated in said deed that the persons named as such trustees should have the control and management of the selection of a teacher, etc. At the time of the execution of the deed from Rousseau

C 29

Bros., other persons were named as grantees, as shown by original deed exhibited to the answer. Among these, besides the respondent, were Monroe Clemmons, W. E. Flannagan, W. J. Smith, J. E. Archey, J. G. Moore, J. S. Keel, and J. P. Webb. Mrs. Margaret Flannagan has since succeeded to all the interest of such Clemmons, Moore, and Keel. None of said grantees or assignees, except P. L. Jones, who is the assignee of J. P. Webb, claim any right or title in said premises, and have taken no part in the matters complained of in this bill, and for the purpose of perfecting the right of the public to said school property as to the interest heretofore held by them have executed their quitclaim deed to the county board of education, which deed is hereto attached as Exhibit B to this bill. Thereafter it was used as public school property until the organization of the school district aforesaid. On the organization of said district by the redistricting board, the question of the location of the free school in said district came before said board in mass meeting of the patrons of the public school in said dictrict. In said meeting the respondents therein, who held the legal title to the school property in trust as before stated, in consideration that the school of said district be located at said house, and in the further consideration that the patrons of the school should make certain stipulated repairs and furnish said schoolhouse with desks, publicly proposed that they (the respondents) would turn over said school property entirely to the school district and the trustees thereof, to be held and used exclusively for public school purposes. Said proposal was then and there accepted by the redistricting board of the county and by the patrons, who proceeded to make the stipulated repairs and to furnish the building, in all respects as proposed, at a cost of about $160. Thereupon the possession and

control of said property was delivered to the district trustees, who have since held, occupied, and used the same as free school property until within the last six months. Within the last few months the respondents, who hold the naked legal title to said property, provoked by the refusal of complainants, as the majority of the district trustees, to employ the defendant A. P. Hill as a teacher of the public school, have sought to divert said school property from the trust and use to which it has been dedicated as above stated, and have caused respondent A. P. Hill, without the consent of complainants, to open a private school in said schoolhouse, and he is now so occupying same. Respondents other than said Hill are seeking to reassert their control over said property under their alleged deed as above referred to, and to usurp the functions of the office of district trustee in the selection of teachers, and, failing to get a legal contract for a free school, are diverting the property from its public use to the private use as above stated. Said Hill holds under said defendants and occupies under their usurped authority. These complainants have made and entered into a contract with a competent qualified teacher for said public school, which contract has been approved by the county board of education, and the school was set for opening on May 20, 1907. Complainants made demand in writing upon said A. P. Hill to vacate said property. He refused, and continues to occupy said building. Complainants brought suit of forcible entry and detainer against him, and recovered judgment, and said Hill has appealed said cause to the next term of the circuit court of said county. Said cause cannot be heard until September next. Meantime, there being no other schoolhouse in said district, the school children are deprived of the benefit of their free schools, and after the hearing of said suit of forci-

ble entry and detainer it will be too late to have any free school in said district for the present scholastic year; the children suffering irreparable loss of school advantages and the district the loss of its funds for that purpose. Complainants allege that under the facts above stated a perfect equity was acquired in the school district to said school property, the whole of the purchase money being paid and possession taken; that a mere naked legal title, stripped of all power of control, is vested in the respondent; that the acts complained of constitute a conversion of said property from its public use, the usurpation of the functions of a public office, the destruction of the trust to which said property is dedicated, and that irreparable loss, against which the law provides no adequate remedy, will result unless the chancery court intervenes.

After prayer for process, and the making of Paul L. Jones a party respondent, and the striking of the name of Luther Jones as party defendant, the prayer is that a temporary writ of injunction issue, restraining and enjoining said Hill from further occupying said school building and devoting same to private use, and from in any way interfering with the use and enjoyment of said building by complainants for free school purposes, and that on the final hearing said injunction be made perpetual, and that this court divest the alleged legal title out of said other named defendants and vest same in the county board of education of Jackson county, who is by law the custodian of the legal title to free school property, subject to the management and control of the district trustees, and for general relief. The bill was amended by striking out W. J. Smith as a party respondent wherever it occurs in the bill or prayer. Respondents filed an answer, together with a motion to dismiss for want of equity, and the following demurrers: "Said

original and amended bill are filed by complainants as trustees of a free public school to divest title to land out of respondents and vest title to the same in the county board of education of Jackson county. (2) Said bill shows that complainants have no legal right to maintain their suit. (3) Said bill shows that complainants have no legal or equitable title to the real estate, the subject-matter of their suit." Upon the filing of these demurrers the bill was further amended by adding the county board of education of Jackson county as a party complainant and its appearance by attorney to prosecute the suit. The respondents then demurred, for that said bill as amended proves on its face that the alleged contract or agreement by which respondents agreed to turn over the schoolhouse and lot of ground on which the same stands to the school district and the trustees thereof was an oral contract or agreement, and that respondents were in possession of said property at time the said alleged contract was made, and that respondents never put the alleged purchasers thereof in possession of the same. Wherefore respondents say said contract is voidable under the statute of frauds.

The evidence tended to support strongly the allegations of the bill as to the dedication of the property mentioned to the use of the public for school purposes. In his final decree the chancellor made the injunction perpetual against all persons from the use or control of the property mentioned, except for the purposes of the dedication and its use by the legally authorized school officers.

W. H. NORWOOD, for appellant. On the subject of dedication of land, the authorities are uniform to the effect, that where, (as in this case,) land is owned by several different persons as joint tenants, or tenants in common, there can be no legal dedication to the public

without the consent of all of the owners of interest, or estates in the land. On this legal proposition see the cases as follows: *Niles v. Los Angeles,* 125 Cal. 572; *Pierce v. Roberts,* 57 Conn. 31; *Clark v. Provodence,* 10 R. I. 437; *Gate City v. Richmond,* 97 Va. 337. Unequivocal declarations, coupled with acts indicative of the carrying out of such declarations are required to establish a dedication to the public, and such declarations and acts must proceed from a person legally capable of binding and transfering the property. 13 Cyc. law and Pro. pp. 451 to 474. Again there is a fatal variance between the allegations of the bill and the proof. The bill makes a case for the specific performance of a verbal executory contract for the sale of the house and lot for a valuable consideration. Performance of the contract on the part of the complainants is alleged, and the special prayer of the bill is for divestiture of the legal title out of respondent stockholders, while the relief granted by the decree is inconsistent with the case made by bill.—*McDonald v. Walker,* 95 Ala. 174; *Floyd v. Ritter,* 56 Ala. 356; *Freeman v. Pullen,* 130 Ala. 653; *Gilmer v. Wallace,* 75 Ala. 220. The demurrer should have been sustained and the bill dismissed. If the original complainants as trustees of public schools were improper parties to maintain the suit under Section 11, acts 1903, p. 289, the bill could not be amended by bringing in and joining as complainant the proper party.—*Barker v. Bester,* 106 Ala. 240; *Bank v. Burke,* 94 Ala. 105; *Taylor v. Robinson,* 69 Ala. 269. Treated as a bill for specific performance of a verbal contract to sell land, such contracts when in writing, will not be enforced in a court of equity, unless all of its terms are fair, just and reasonable, and made for a valuable and adequate consideration.—*Carlisle v. Carlisle,* 77 Ala. 339. Nor will a court of equity specifically enforce the

execution of a parol gift of land although the donor may have placed the donee in possession of the land. —*Folleson v. Blackstock,* 95 Ala. 510.

VIRGIL BOULDIN, for appellee. A dedication of property to public use may be done by any unequivocal act showing such intent followed by acceptance of said property for such use. It may be done by parol by an express public announcement of such purpose, such as shown by the evidence in this cause.—13 Cyc. 453; *Forney v. Calhoun County,* 84 Ala. 215; *Webb v. City of Demopolis,* 95 Ala. 116; *Steele v. Sullivan,* 70 Ala. 589. An injunction is the proper remedy to prevent the destruction of public easements, such as the taking and appropriation of property to private use which has been dedicated to public use, or diverting said property from the use to which it has been dedicated. 14 Cyc. 1216; Pom. Eq. Jur. 1350-1351; *City of Demopolis v. Webb,* 87 Ala. 666; 22 Cyc. 898. Public officers charged with the duty of looking after and controlling the property for the use of the public are the proper parties complainant. Several officers or private persons having special interest in the maintenance of the rights of the public thereto may join in the suit, or either may sue.—14 Cyc. 1220; *Reed v. Mayor & Ald. of Bir.,* 92 Ala. 344; *City of Demopolis v. Webb,* 87 Ala. 666. By section 9 of the general re-districting law (Acts 1903, p. 289), it is expressly provided that "It shall be the duty of the said District Trustees to care for all school property, etc." By Section 11 same act the County Board of Education is given entire control over the free schools except as otherwise provided by law, and said board is empowered "to acquire, purchase, lease, receive, hold, transmit and convey the title to real and personal property for school purposes." The County Board of Education and District

Trustees must by concurrent action employ teachers and make use of the property for school purposes.—*Gibson v. Mabrey,* 40 So. Rep. 297.

TYSON, C. J.—Two assignments of error complain of the erroneous ruling of the chancellor in overruling the demurrers interposed by the respondents to the bill of complaint as amended. Neither of them raises the question of misjoinder of complainants, discussed in brief of appellant's counsel. That question is therefore not presented for our consideration, and we must decline to determine it.

The bill is clearly not one for the specific performance of a verbal contract for the sale of land, nor for the enforcement of a parol gift of land, but for the protection of a publlic easement, to the end of preventing a diversion of the use of the property from the one to which it was dedicated. The equity of the bill is beyond serious controversy.—*City of Demopolis v. Webb,* 87 Ala. 666, 6 South. 408; 4 Pom. Eq. Juris. §§ 1350, 1351, and notes; High on Injunctions, § 855; 14 Cyc. p. 1216; 22 Cyc. p. 898. Under the act, "to provide for the redistricting of the public schools of the state and for the management and control of the same" (Gen. Laws 1903, p. 289), the district trustees are charged with the care of all school property, and the title to all such property is vested in them, and concurrently with the county board of education they are charged with the further duty of employing teachers and of making use of the property for school purposes. As representatives of the public it is their duty to conserve the right of the public to the use of public school property for public school purposes and to prevent the diversion or destruction of that use; and to accomplish this end these officers have the same right to resort to the chancery court

for injunctive relief, when necessary, as the proper municipal officers of a city have, or the Attorney General of a state has, when the rights of the people of the city or state are invaded. The right to bring bills of this character, in municipal officers and in the Attorney General of this state, has been fully recognized by this court.—*City of Demopolis v. Webb, supra,* and cases there cited; *Reed v. Mayor & Aldermen of Birmingham,* 92 Ala. 339, 9 South. 161; *Attorney General v. Lakeview Land Co.,* 143 Ala. 291, 39 South. 303. See, also, High on Inj. §§ 1554, 1555.

The remaining assignment is predicated upon a supposed error in granting relief upon the pleadings and proof. A writing is not requisite to the validity of a dedication. All that is necessary is the assent and intent of the owners of the property to appropriate it to public use, and any act or acts clearly manifesting an intent to dedicate is sufficient. "An express dedication may be made orally, when the use is inaugurated or while it is being enjoyed, and may consist in declarations made directly to the public."—13 Cyc. p. 453. Under this principle, the fact of dedication, upon which the relief is sought and granted, is established by the evidence to our entire satisfaction.

The decree is affirmed.

Simpson. Anderson, and Denson, JJ., concur.