(79 South. 564)

PRATER et al. v. HUGHSTON et al.
(7 Div. 861.)

(Supreme Court of Alabama.   June 27, 1918.)

1. WILLS ⬥106—DESCRIPTION OF REALTY—
   SUFFICIENCY.
   Will devising realty, first to G. and P. 40 acres of land, second, balance to be sold and after paying debts, etc., balance to be divided equally among heirs of, etc., was not void for uncertainty, but gave G. and P. right to select from tract, so that second clause was also valid, although tract was not described.

2. WILLS ⬥439—LIBERAL CONSTRUCTION.
   Wills are liberally construed so as to effectuate intention of testator, and must receive greater liberality of construction than is to be given ordinary legal instruments.

   Gardner, J., dissenting.

Appeal from City Court of Talladega; Marion H. Sims, Judge.

Bill by W. A. Hughston and others against Garfield and George Prater and others. Decree for complainants, and defendants named appeal. Reversed and remanded.

One Exalicia Caruthers executed a will on April 11, 1916, died on April 15, 1916, and the will was admitted to probate June 25, 1916. The original bill was filed by a number of heirs in September following, asking for a removal of the administration and for a construction of the will. There were a number of parties defendant to this bill in addition to Garfield and George Prater, but none have appealed except these two parties, and it is only necessary to state so much of the case as relates to them:

"It appears to the court that it is the duty of the court to construe and determine the effect of the will as prayed for in the original bill, and after due consideration it is the opinion of the court that under the first clause of said will and under said will that the said Garfield and George Prater received nothing."

The appeal is by the said Garfield and George Prater.

Charles F. Douglass, of Anniston, for appellants.   Knox, Acker, Dixon & Sims, of Talladega, for appellees.

ANDERSON, C. J.   The will at the time of its execution by the testatrix read as follows:

"I, give, devise and bequeath the following real estate or lands: First. To Garfield and George Prater, forty acres of land.   Second. The balance of my land to be sold, and after paying my doctor bill and all other expenses incident to my sickness, funeral expenses and the erection of a nice stone to my grave, the balance to be divided equally among the heirs of Exa Hughston."

The question presented by this appeal is whether or not the devise to the Praters of the undescribed 40 acres is void for uncertainty.   It is evident that the Praters were the primary objects of the testatrix's bounty, and that by the last clause she attemped to dispose only of the residue of her estate after the said Praters had taken the 40 acres.   Therefore the second clause did not dispose of all of her land, but only the balance and the result of declaring the first clause void would render the deceased intestate as to the 40 acres as she makes no attempt to devise the whole tract (153 acres) under the second clause, only the balance.   In fact, to declare the first clause void for uncertainty would no doubt result in intestacy as to the whole tract.   Unless the 40 acres can be carved out of the tract, the second clause should go down, as the will negatives the intention that all the land should go under the second clause.

At the time of the death of the decedent she owned 153 acres of land; and the question at issue involves the disposition of this land.   The statement in the will concerning the disposition of the real estate at the time of its execution is as follows:

"I give, devise, and bequeath the following real estate or lands: First. To Garfield and George Prater, forty acres of land.   Second. The balance of my land to be sold and after paying my doctor bill and all other expenses incident to my sickness, funeral expenses, and the erection of a nice stone to my grave, the balance to be divided equally among the heirs of Exa Hughston."

The foregoing provision is all the will contained concerning the real estate at the time it was signed and executed.

[1] The bill alleges that the will was void for uncertainty in the description of the property, and a construction of the will is prayed and removal of the administration into the chancery court.   The cross-bill denies the provision in said will conveying 40 acres of land to these respondents is void.   The contentions in the cross-bill of appellants as to the construction of the will are stated as follows by counsel for appellants in brief:

"These appellants in their cross-bill contend that the wording of the will gave them the right to select 40 acres of land, if not that, the court should select, and that, if the right of selection was denied, they would certainly be entitled to receive as tenants in common."

Complainants to the original bill demurred to the cross-bill and to several paragraphs thereof, and particularly attack the cross-bill wherein it is sought to have the respondents declared to have any title by virtue of the provisions of the will.   Demurrer to the cross-bill as amended was sustained.   Testimony was taken and the cause submitted for final decree.   A decree was rendered construing the will as prayed for in the original bill.   The part of the decree here pertinent reads as follows:

"It further appears to the court from the evidence that there was a large number of chairs, pillows, and bedding, coverlids, quilts, and bedclothes belonging to decedent, and that there was no sufficient identification of the same under the fourth and fifth paragraphs of said will, and no right of selection given, and it is the opinion of the court that the gifts which are spoken of in the fourth and fifth paragraphs of said will will fail on account of uncertainty, and that all personalty beonging to said estate

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

will pass to the next kin, subject to the charge against same for the payment of debts and cost of administration, etc.

"It further appears to the court that the only provisions in said will which are valid and enforceable are the third and sixth paragraphs, to wit, the one appointing J. L. Hughes as executor and the one bequeathing to Leonard Hughes $100; that otherwise all the provisions of said will are void for uncertainty or failure to properly identify the bequests."

In construing wills implications should not be indulged upon mere conjecture, but the inference in the instant case is natural and irresistible that testatrix made the Praters the primary object of her bounty, and, not having described the 40 acres, intended that they should select the same. Sherrod v. Sherrod, 38 Ala. 540. This implication is essential to not only upholding the first clause, but the will in its entirety. If the first clause went down for uncertainty, the second clause would be equally as indefinite or uncertain as it devises only the balance, and the balance cannot be ascertained unless the 40 acres are first deducted.

[2] It may be true that, if clause 1 stood alone in a deed, it would be void for uncertainty, but wills are liberally construed so as to effectuate the intention of the testator, and must receive greater liberality of construction than is to be given to ordinary legal instruments. Montgomery v. Wilson, 189 Ala. 209, 66 South. 504; Smith v. Smith, 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1045, and cases there cited.

It was settled in England that, where a gift in a will comprises a definite portion of a larger quantity, it is not rendered nugatory by the omission of the testator to point out the specific part which is to form such portion; the devisee or legatee being in such case entitled to select. Jarman on Wills, vol. 1 (6th Ed.) p. 361.

"A devise was of two acres of land out of four acres, which lay together; this is a good devise, and devisee shall have election. D. 280 b. Murray, Pl. 17, cites 40 Eliz. Marthals Café." Viner's Abridgment, vol. 8, p. 48.

"Where a general grant is made of ten acres of ground adjoining or surrounding a particular house, part of a larger quantity of ground, the choice of such ten acres is in the grantee, and a devise to the like effect is to be considered as a grant." Hobson v. Blackburn, 1 Mylne & Keen, Eng. Ch. Rep. 571.

The English rule is approved and followed in the case of Matter of Turner, 206 N. Y. 93, 99 N. E. 187, 41 L. R. A. (N. S.) 1049; also by Galbraith v. Bowen, 5 Pa. Dist. R. 352; 40 Cyc. 1535; Kletzly v. Marks, 22 Pa. Co. Ct. R. 71.

We therefore think that the devise to Garfield and George Prater was not void for uncertainty, and that they have the right to select 40 acres from the tract as prayed in the cross-bill. It also follows that the second clause is not void for uncertainty, as it devises the rest of the land after the 40 acres is carved out same. The trial court erred in granting relief upon the original bill and in denying relief under the cross-bill, and the decree is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, MAYFIELD, SAYRE, SOMERVILLE, and THOMAS, JJ., concur. GARDNER, J., dissents.

GARDNER, J. In Abercrombie v. Abercrombie, 27 Ala. 495, is the following:

"There is no legal principle more firmly established and none that has received more constant and uniform support from the judicial tribunals than the rule which declares that an omission in a written will cannot be supplied by parol evidence."

And in Sherrod v. Sherrod, 38 Ala. 537, it was said:

"Nor is it the province of the court to provide for a contingency neglected in the will, because there is room for conjecture that the testator would have done so, had he anticipated it."

The majority opinion gives the right to George and Garfield Prater to select the 40 acres of land from the body of land owned by the testatrix, and this conclusion is reached by way of implication, as there is nothing whatever "within the four corners of the will" indicating any purpose on the part of the testatrix that they should have such right of selection.

A construction by implication should be so strong as that a contrary intention to that imported cannot be supposed to have existed in the mind of the testator. Wolff v. Loeb, 98 Ala. 426, 13 South. 744.

I recognize fully that the authorities cited in the majority opinion support the same, and I have carefully examined them. To my mind the reasoning is unsound, and by no means very clear, and the impression is left that the courts were straining at the law in order to prevent a device being declared void for uncertainty. I, of course, have the greatest respect for the authorities cited, but am unable to give my consent to follow in their wake. In my opinion, they are out of harmony with the decisions of this court, and more danger lurks in their adoption than in following what in my judgment the previous rulings of this court clearly indicate to be the safer course. I therefore respectfully dissent.