(87 South. 349)

ELMORE v. GALLIGHER.    (3 Div. 489.)

(Supreme Court of Alabama. Jan. 20, 1921.)

1. Judgment ⬤⟶681 — Property rights of unborn contingent remaindermen concluded by decrees where virtually represented.

Where they are virtually represented by living parties, who are before the court, the property rights of unborn contingent remaindermen or executory devisees may be concluded by judicial decree.

2. Judgment ⬤⟶681—Where purpose of decree is to extinguish the estates of persons not yet in being, great strictness is required in representation.

Where the purpose of a proceeding is to adjudicate opposing rights with respect to unborn contingent remaindermen or executory devisees, and the effect of the decree is to extinguish in part or in whole the estate of those persons not yet in being, greater strictness is required with respect to their representation by living parties than in ordinary cases involving such remaindermen.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Judgment ⬥681—Decree providing for sale of trust property and reinvestment binding on unborn contingent remaindermen.**

Where testatrix devised land to her daughters for life, remainder to their children with contingent remainders over, and one of the daughters while still a minor filed a bill setting out that the land was unproductive and praying sale and reinvestment subject to the limitations of the will, and all of the descendants of the daughters living were made parties, a decree providing for sale and reinvestment is binding on unborn contingent remaindermen, for they are under the circumstances represented by persons in being.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by C. Frank Galligher against Ludlow Elmore, as guardian of minors, and another, to quiet title. From a decree for complainant, appeals were separately taken by the defendants. Affirmed.

In 1875 Mary A. Clisby was the owner of a lot in the city of Montgomery, Ala., and died leaving a will which was duly probated; the part material to this case reading:

"It is my will that my real estate shall not be sold but shall be kept together until my youngest daughter becomes of age and that it shall then be equally divided between them without a sale for that purpose the difference between the shares being made up by money from the one having the advantage in the division. I further will that my real estate belongs to my daughters only during their life time and to their children, if any, at their death, if none, then to my husband, George C. Clisby if living during his lifetime then to my brothers and sisters or their heirs."

Mary A. Clisby left two minor daughters, Emily Clisby and Mary Mastin Clisby, afterwards Mary Clisby Smith.

In 1893 Emily Clisby, being unmarried without children and still a minor, filed her bill in the city court of Montgomery, in equity, setting out that this city lot, formerly owned by her mother, was unproductive of return and was a burden upon her and the other life tenant, and asking a sale thereof for reinvestment of the proceeds under the direction of the court and subject to the limitations contained in the will of Mary A. Clisby. To this bill Mary Clisby Smith, the other daughter of Mary A Clisby, George C. Clisby, the husband, and all of the brothers and sisters of Mary A. Clisby or their descendants were made parties. The city court of Montgomery in equity at the February term, 1893, rendered a decree ordering the sale of the property in question for reinvestment, at which sale Henry M. Hobbie and N. J. Bell became the purchasers. At the time of the rendition of this decree neither Emily Clisby nor Mary Clisby Smith had ever had children; afterwards, however, three children were born to Mary Clisby Smith who are respondents to this bill. The proceeds of the sale of this city lot were, under the direction of the city court of Montgomery, in equity, invested in other property in the city of Montgomery, Ala., and title thereto was made to Emily Clisby and Mary Clisby Smith, "subject to all of the conditions, trusts and limitations contained in the will of Mary A. Clisby, deceased."

Afterwards Hobbie and Bell divided the city lot between themselves executing cross-conveyances. In 1906 Hobbie died leaving a last will and leaving surviving him Leonora E. Hobbie, his widow, and Anne Leonora Hobbie, his youngest child, as well as other children. By the terms of Hobbie's will a portion of this city lot is devised to Leonora E. Hobbie, his wife, for and during her natural life and at her death to vest in Anne Leonora Hobbie. Anne Leonora Hobbie, the child, intermarried with J. W. Vardeman and has one child, Jack W. Vardeman, Jr., a minor respondent in this cause.

After the death of Hobbie, his widow and all of his children executed conveyance of the property here in question to C. Frank Galligher, complainant below. Galligher then filed the bill in this cause under statute to quiet title and against the minor children of Mary Clisby Smith and Anne Hobbie Vardeman. By answer and cross-bill the history of the title to the lot as detailed above is set out and fully proved by the testimony in the case.

There is no dispute as to any of the facts. The sole questions presented by the record are: (1) Whether by the decree of the city court of Montgomery, in equity, rendered at the February term, 1893, in the cause of Emily Clisby v. Peter B. Mastin et al., the interest of the children of Mary Clisby Smith was divested out of them; and (2) whether Jack W. Vardeman, Jr., has any right, title, or interest in the property described.

The circuit court by decree decided both of these questions adversely to appellants here and held that they had no right, title, or interest in the property described in the bill. From this decree appeal is taken separately by the children of Mary Clisby Smith and Anne Hobbie Vardeman.

Ludlow Elmore, of Montgomery, pro se.

A judgment or decree is binding only on parties or their privies. 73 Ala. 312; 65 Ala. 51; 76 Ala. 423; 12 Ala. 482; 176 Ala. 486, 58 South. 444. That privity does not exist between coheirs or codistributees, that will give a judgment or decree against one an effect, or stop others not parties. 2 Black on Judgments, 565; 23 Cyc. 1277, and authorities supra. The then unborn children of the life tenant were not parties to the decree of sale—(a) their mother, in interest, being adverse to theirs, 185 N. Y. 427, 78 N. E. 66, 8

L. R. A. (N. S.) 49, 113 Am. St. Rep. 926; 2 Rich. Eq. 321; (b) nor by the second remaindermen, because there was no identity of interest. 1 Ch. 96; 1 Y. & C. Ch. Cases, 595; 56 N. C. 400; 115 N. C. 570, 20 S. E. 295; 124 N. C. 151, 32 S. E. 491, 70 Am. St. Rep. 577; 93 Ga. 566, 20 S. E. 71.

Weil, Stakely & Vardaman, of Montgomery, for appellee.

Where the case requires a full and final disposition of the estate, the court of equity has the power by its decree to find all persons virtually representing all proper and necessary interest, though they are not or cannot be made party, and this applies to persons not in esse. 187 Ala. 165, 65 South. 381; 180 Ala. 254, 60 South. 828; 106 Tenn. 607, 61 S. W. 1025, 53 L. R. A. 477, 82 Am. St. Rep. 902; 20 R. C. L. 669. On these authorities, the court properly decreed and its decree should be affirmed. Section 3401, Code 1907.

SOMERVILLE, J. [1] The doctrine of equity courts, that the property rights of unborn contingent remaindermen or executory devisees may be concluded by judicial decree in cases where they are virtually represented by living parties who are before the court, has been recognized and applied by this court.

Where a will gave an undivided interest in land to a son, with remainder to his surviving children, the decree in a suit for partition against the son and his children then living was held as binding upon children subsequently born, who, it was said, were represented in the partition suit by both the son and the living children. Letcher v. Allen, 180 Ala. 254, 60 South. 828. And where a trustee held property for his own children who should survive him, it was held that he could maintain a bill for the sale of the property and reinvestment of its proceeds, subject to the trust, against the living children, so as to bind by the decree after-born children who would belong to the same class as those then living. Bibb, as Trustee, v. B. S. Bibb, Jr., 204 Ala. 541, 86 South. 376.

In those cases, it will be observed, the unborn remaindermen were in fact represented by persons of their own immediate class, though it was said in Letcher v. Allen that they were also sufficiently represented by the life tenant whose estate preceded their own.

[2, 3] As to the sufficiency of the representation of unborn remaindermen by parties whose estates precede or follow the estate of such remaindermen, there being no living members of their class, so that their interests may be bound by judicial decree, the courts are not in harmony. The great weight of authority, however, seems clearly to the effect that such representation is sufficient, provided all the interests owned by persons in esse are before the court, and some one or more of them would be adversely affected by the decree equally with the class not in esse, and would therefore have the same interest and would be equally certain to present to the court the merits of the question upon which the decree is sought. Ridley v. Halliday, 106 Tenn. 607, 61 S. W. 1025, 53 L. R. A. 477, 82 Am. St. Rep. 902; Rutledge v. Fishburne, 66 S. C. 155, 44 S. E. 564, 97 Am. St. Rep. 757, and note, 762–768; Kent v. Ch. of St. Michael, 136 N. Y. 10, 32 N. E. 704, 18 L. R. A. 331, 32 Am. St. Rep. 693; Downey v. Seib, 185 N. Y. 427, 78 N. E. 66, 8 L. R. A. (N. S.) 49, 113 Am. St. Rep. 926; Denegre v. Walker, 214 Ill. 113, 73 N. E. 409, 105 Am. St. Rep. 98, 2 Ann. Cas. 787, and note, 790–793; McArthur v. Scott, 113 U. S. 340, 5 Sup. Ct. 652, 28 L. Ed. 1015; Matthews v. Lightner, 85 Minn. 333, 88 N. W. 992, 89 Am. St. Rep. 558; Ann. Cas. 1913C, note p. 659; 20 R. C. L. 670, § 9.

In the application of this principle, it would seem that the character of the suit, and the purpose and effect of the decree, are of controlling importance; and where the proceeding seeks to adjudicate opposing rights, and the effect of the decree is to extinguish in part or in whole the estates of persons not yet in esse, greater strictness is observed in the requirements of virtual representation by living parties.

But where, as here, the suit does not present any antagonism of estates and interests, and the effect of the decree is merely to change the form or identity of the property which is the subject of the several successive estates—which change may well be to the common advantage of all, as was in fact ascertained to be so by the decree here in question—preserving and protecting the contingent interests in the proceeds of the original property, and in the property in which such proceeds are invested, we see no reason why the unborn remaindermen could not be fully and fairly represented, as to such a policy, by either their mother, as holder of a life estate, or by their uncles and aunts, as contingent executory devisees. It was so ruled in Ridley v. Halliday, 106 Tenn. 607, 61 S. W. 1025, 53 L. R. A. 477, 82 Am. St. Rep. 902, and in Gavin v. Curtin, 171 Ill. 640, 49 N. E. 523, 40 L. R. A. 776, where after-born remaindermen were held to be fully bound.

The decree in equity of the city court of Montgomery in the suit of Emily Clisby v. Peter B. Mastin, et al. (1893) was a valid exercise of the jurisdiction and powers of the court with respect to the estate of the then infant complainant therein, and, under the circumstances exhibited, was binding upon the interests of the after-born children of Mary Clisby Smith, so that the purchasers at the sale made pursuant thereto acquired as to them, as well as to all parties actually before the court, a fee-simple title to the lot here in question.

It appears that complainant herein has acquired the interests of those purchasers and is entitled to the relief granted by the decree of the trial court.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.