140 So. 425

## BAUMHAUER et al. v. JONES.

### I Div. 694.

Supreme' Court of Alabama.

Jan. 21, 1932.

Rehearing Denied March 31, 1932.

B. F. McMillan, Jr., of Mobile, for appellants.

Inge, Stallworth & Inge, of Mobile, for appellee.

**KNIGHT, J.**

Mrs. Helen Baumhauer died seized and possessed of all the lands, which are involved in this suit, and after an actual occupancy of the same for upward of thirty years. By her last will and 'testament, which is brought forward in this case, she undertook to make disposition of all her real property, which was located in Mobile county. She left surviving a number of children, all of whom are complainants in the bill in this cause, except William B. Baumhauer, one of her sons, who has no interest and is not before the court, and Mrs. Alice B. Jones, who is the sole defendant therein.

· Mrs. Helen Baumhauer died in the year 1928, and some time thereafter her will was admitted to probate in the probate court of Mobile county. The executors, finding that there were sufficient funds to pay the debts of the estate, through their attorneys, notified the different devisees to take over their respective properties, as devised to them under the will. By the terms of this will specific devises of specific property were made to each of the complainants, but not so with the respondent, Mrs. Jones. She was given an undivided part of a larger tract, with the residue of the tract given in equal right to the complainants and the respondent.

The sixth clause of Mrs. Baumhauer's will reads: "I devise to Alice B. Jones the property known as the home place, including therein the land surrounding the same so as to make three hundred feet front on the street and a depth extending northeastwardly for the full depth of the property now owned by me in the rear of the house, being in Whistler, Mobile County, Alabama; and also all the furniture, fixtures and household equipment therein."

The ninth clause of this will reads as follows: "What remains of the home place after taking out the property devised to the said Alice B. Jones, is divided equally among Andrew B. Baumhauer, Jacques H. Baumhauer, Emily B. Bennett, Theo. C. Baumhauer, Victoria H. Houston, Alice B. Jones, Helen R. Calhoun and Susie M. Baumhauer, the wife of my son, William C. Baumhauer."

Mrs. Alice B. Jones, acting under the supposed right given her in the will of her mother, selected from this larger tract a lot of land, with the residence thereon, and the lot so selected fronted three hundred feet on Warren street, and extended back northeastwardly for the full depth of the property. The entire lot from which the selection was made fronted on Warren street, and the residence also faced this street.

The complainants, when this selection was made, filed the bill now before us, seeking to have the balance of the property partitioned between the joint owners and for a sale of the property, if partition by metes and bounds could not be equitably had, and also seeking a decree locating and defining the boundary lines of that part of the home place which was devised to the respondent. In their bill, complainants aver that Mrs. Jones has "attempted to take possession of, and claims, under said will, part of the land which was devised to complainants and respondent jointly."

The entire tract in which Mrs. Jones devised a frontage of three hundred feet on Warren street is in one compact body, containing upward of one hundred acres.

To the bill as amended, Mrs. Jones filed answer, making the same a cross-bill, and naming all the complainants as respondents therein. In her cross-bill she avers that she had the right under the sixth clause of her mother's will to select the tract given to her, to include the residence and the land surrounding the same so as to have three hundred feet front on the street and a depth extending northeastwardly the full depth of the property. Attached to the answer and cross-bill is a map of the property so selected, showing shape and all lines. The lands selected would be in the shape of a parallelogram were it not for the fact that the east side of the tract selected from is not straight.

The appellants in their brief say: "The issue is whether respondent, under the sixth paragraph of the will, has a right of selection to take the middle of Gould Street as the central point of her devise and extend her property to cover that street and both sides of it, or whether she is required to take the house and improvements which are south of Gould Street, and either locate the balance of her three hundred feet on same side of Gould Street, or take the center of the house or yard as the central point of her selection and take one hundred and fifty feet each way therefrom; complainants contend she has no such unlimited right of selection."

It appears from the evidence that, whether complainants' contention prevails, or that of respondent, the selection would still leave the residue of the tract, owned by complainants and respondent as tenants in common, divided into two separate parcels, a part north and a part south of respondent's property.

■ There is no doubt that the sixth clause of the will gives the respondent the right to select the lands surrounding the home place, so as to make three hundred feet front on the street and a depth extending backward the entire depth of the whole tract. In the case of Prater v. Hughston, 202 Ala. 192, 79 So. 564, 565, Mr. Chief Justice Anderson, speaking for the court, said:

"It may be true that, if clause 1 stood alone in a deed, it would be void for uncertainty, but wills are liberally construed so as to effectuate the intention of the testator, and must receive greater liberality of construction than is to be given to ordinary legal instruments. Montgomery v. Wilson, 189 Ala. 209, 66 So. 504; Smith v. Smith, 157 Ala. 79, 47 So. 220, 25 L. R. A. (N. S.) 1045, and cases there cited.

"It was settled in England that, where a gift in a will comprises a definite portion of a larger quantity, it is not rendered nugatory by the omission of the testator to point out the specific part which is to form such portion; the devisee or legatee being in such case entitled to select. Jarman on Wills, vol. 1 (6th Ed.) p. 361. * * *

"'Where a general grant is made of ten acres of ground adjoining or surrounding a particular house, part of a larger quantity of ground, the choice of such ten acres is in the grantee, and a devise to the like effect is to be considered as a grant.' Hobson v. Blackburn, 1 Mylne & Keen, Eng. Ch. Rep. 571."

As was held in the Prater Case, supra, this rule, prevailing in England, finds support in the following cases: Matter of Turner, 206 N. Y. 93, 99 N. E. 187, 41 L. R. A. (N. S.) 1049; Galbraith v. Bowen, 5 Pa. Dist. R. 352; 40 Cyc. 1535; Kletzly v. Marks, 22 Pa. Co. Ct. R. 71.

The court in the Prater Case, supra, adopted this rule of construction, and held that Garfield and George Prater, to whom a testatrix had bequeathed forty acres of a larger tract, had the right to select forty acres from the larger tract as prayed in their bill.

We do not understand that the complainants dispute this general rule, but insist that the selection made by Mrs. Jones was inequitable and unfair to them as tenants in common of the residue of the tract. This contention on their part, we think, is due the fact that they think that there was a public street running east and west through the whole tract, and that the residence given to Mrs. Jones and the outhouses were all south of this street, and that the selection by Mrs. Jones should have been confined to lands lying south of the supposed street. It may be, and doubtless is, a fact that there is more land in the selected tract which lies north of the house

than there is south of the house, but, if so, the amount is small.

The evidence touching the extension and continuation of Gould street as a public street through the lands of testatrix has been fully read and carefully considered by us without indulging any presumption as to the correctness of the findings of the court on this contested issue. We find that Gould street was never in fact extended through the lands of testatrix. Certain it is the evidence discloses no statutory dedication, and it is equally certain that no common-law dedication is shown. As was said by Mr. Justice Bouldin, in the case of Manning v. House, 211 Ala. 570, 100 So. 772, 774:

"A 'dedication' is a donation or appropriation of property to public use by the owner, accepted by the public. It may be in writing or in parol; may be evidenced by words or acts; by one declaration or unequivocal act, or by a course of conduct evincing a clear purpose to dedicate. Hill v. Houk, 155 Ala. 448, 46 So. 562.

"Where an owner causes his lands to be surveyed and platted, whether the plat be recorded or not, and proceeds to sell one or more lots according to the plat, this is a completed dedication of the streets laid out on the plat. The purchase of lots constitutes an acceptance which inures to the public." Roberts v. Mathews, 137 Ala. 528, 34 So. 624, 97 Am. St. Rep. 56; East Birmingham Realty Co. v. Birmingham Machine & Foundry Co., 160 Ala. 461, 49 So. 448; Western Rwy. Co. of Ala. v. Alabama Gr. T. R. Co., 96 Ala. 272, 11 So. 483, 17 L. R. A. 474; Smith v. City of Opelika, 165 Ala. 630, 51 So. 821; Rudolph v. City of Birmingham, 188 Ala. 620, 65 So. 1006.

When the testatrix purchased this property some thirty odd years before her death, there was no public street of any kind through the lands, and the evidence abundantly shows that up to the time of her death no public street or road existed thereon. It was one compact body.

■ This then brings us down to the selection of the land given to Mrs. Jones. We do not doubt in the least that the right to make the selection, when exercised by her, must be exercised in a fair and reasonable way, not purely arbitrary and capricious or fanciful.

The case of Jaffrey & Co. v. McGough, 88 Ala. 648, 7 So. 333, while dealing with the right of debtor to select homestead exemptions, is somewhat here in point. In this case Justice Somerville, speaking for the court, says: "Both the constitution and the statutes of this state contemplate that the homestead, exempted from execution or administration in any allotment of its area that may be made, or any declaration of claim made and filed under the statute, shall be 'selected,' as the case may be, by the debtor, widow, or other claimant. Const. 1875, art. 10, § 2; Code 1886, §§ 2507, 2515, 2534, 2551. This power of selection necessarily involves some latitude of discretion, but it is also, *ex vi termini*, limited by the nature of the thing to be selected, and by *those broad principles of justice and reason which must control and regulate the exercise of every legal right*." (Italics supplied.)

The learned justice thereupon propounds, and then answers, the following question: "What shall be the limits on the discretion of the debtor's power of selection?" Answering, he says: "We assert, first, that it must be reasonable; and not purely arbitrary and capricious, or fanciful."

■ In the selection made by respondent and cross-complainant a compact body of land, with straight lines or boundaries, is selected. There is nothing in the selection to evidence, in any way, that there was an abuse of the discretion given Mrs. Jones by the will of her mother in this particular. We are, on a consideration of all the evidence, in full accord with the chancellor in his decree giving judicial sanction to the selection made by Mrs. Jones.

■ And we find no fault with that part of his decree which directs the commissioners charged with making partition of the residue of said property among the eight tenants in common to set aside to Mrs. Jones, as her eighth part, a parcel or parcels of land adjacent to the home place, adjudged to belong to Mrs. Jones, *if the commissioners determine it may be done equitably and in fairness to all parties concerned*. We see no possible objection to this direction. The rights of the other parties are fully safeguarded by the qualifying terms, if the commissioners determine it can be done equitably and in fairness to all parties concerned.

We find no error in any part of the decree appealed from, and it will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.