177 So. 144

**MARTIN et al. v. CARROLL.**

**2 Div. 98.**

Supreme Court of Alabama.

Nov. 18, 1937.

Frank B. Embry, of Pell City, for appellants.

Keith & Wilkinson, of Selma, for appellee.

BOULDIN, Justice.

The appeal is from a decree overruling a demurrer to a bill in equity. The bill is for the sale of lands of tenants in common for division.

Among other grounds the demurrer questions the sufficiency of the description of lands as set forth in the amended bill.

The bill, beside four lots in the town of Plantersville, includes numerous tracts of land, described by government numbers, aggregating some 2500 acres. Among the calls are these: "SW ¼, less 75 acres off the north-east corner of Sec. 8"; "50 acres in W½ of NW¼ of Sec. 17"; "E½ of NE ¼ of Sec. 19, less 30 acres." It appears from further calls that 10 acres in W.½ of N.W. ¼ of Sec. 17 is duplicated. Quite clearly such descriptions are too indefinite to appear in judicial sales. At least two of them are fatally defective—could not pass title.

In Stein v. McGrath, 116 Ala. 593–598, 22 So. 861, 862, speaking of a bill of this character challenged by demurrer for insufficiency of description, it was said: "If the remedy [sale for division] is sought in the court of probate, a statutory requirement is that the application must set forth 'a full and accurate description of the property sought to be divided or partitioned.'

Code 1886, § 3239. This corresponds with the general rule at law or in equity in reference to the elements of the pleading in suits for partition. 17 Am. & Eng.Encyc. Law, 733."

The primary purpose of description is to bring the res, the subject matter of the suit, within the jurisdiction of the court, and so vest in the purchaser at judicial sale the title of the parties to the suit. Welden v. Brown, 185 Ala. 171, 64 So. 430.

But good pleading, when challenged by demurrer, may call for more accurate description than one which could be assailed on collateral attack for want of jurisdiction.

In passing upon the sufficiency of the description in deeds or judicial proceedings to pass title, the courts go far to sustain them, admitting parol evidence, within defined limits, in aid of the description.

Thus, in ejectment, when questioned by demurrer, the description should be such as to enable the sheriff to identify the property, which is to be placed in plaintiffs' possession. Griffin v. Hall, 111 Ala. 601, 20 So. 485; 19 C.J. pp. 1106, 1107, § 115.

For like reasons, the purchaser at a judicial sale should be able with reasonable certainty to identify the property which he buys. Such uncertainty as would discourage bidders should be avoided. 47 C.J. p. 405.

The descriptions of the four lots, in Plantersville, which appear in the report of the case, could readily be made more certain.

The description of the last parcel of 8½ acres seems to be subject to the same criticism as in Griffin v. Hall, supra.

The description of the lot "known as the Agee lot," and that "known as the Powell Place," are manifestly sufficient on collateral attack. Sumner v. Hill, 157 Ala. 230, 47 So. 565; O'Neal v. Seixas, 85 Ala. 80, 4 So. 745.

"Lot formerly used as a post-office lot" lying between designated lots on two sides, but giving no dimensions, is defective, as against demurrer if not void. Wilder v. Campbell, 197 Ala. 179, 72 So. 385.

The case of Sumner v. Hill, supra, and others which might be cited, illustrate how litigation often arises on account of defective descriptions in judicial proceedings.

The courts should reasonably avoid opening the door to controversy and litigation. Parol evidence which may soon pass away should not be made a necessary element in the description of lands, when more definite data is readily available.

The description of each of these lots should be made more definite.

Touching the necessity for a sale, the amended bill avers: "That none of the lands described in this amended bill of complaint can be equitably divided or partitioned among the joint owners without a sale thereof."

The sufficiency of this averment is challenged by demurrer. The point is made that this averment does not negative the fact that the lands as a whole may be partitioned in kind.

A general averment that the lands cannot be equitably partitioned without a sale is sufficient. 15 Ala.Dig., Partition, p. 574.

Several separate bodies of land may in equity be partitioned in kind in one proceeding, if all owned by the same tenants in common, although their respective interests in the several tracts are different. 47 C.J. p. 332, § 156.

The bill includes numerous separate tracts beside the town lots. For instance, there are four tracts containing 160 to 240 acres each, beside three separate 40-acre parcels, all aggregating 1,000 acres, in which the parties own one-fourth each.

Also a tract of some 1,200 acres, in which their interests are expressed in twentieths—in proportion of 1–5–5–9.

In view of the subject matter, and construing the bill most strongly against the pleader, the averment means no more than that "none" of these tracts can be equitably divided as a separate entity.

A general averment, as before indicated, would be construed to mean could not be equitably partitioned in any of the methods known to equity.

But the restrictive averment here should be amended to show the property as a whole cannot be equitably partitioned without a sale.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.