20 So.2d 234

## HORN v. PEEK et al.

### 4 Div. 354.

Supreme Court of Alabama.

Dec. 14, 1944.

Sentell & Sentell, of Luverne, for appellees.

John C. Walters, of Troy, for appellant.

FOSTER, Justice.

The bill in this case was filed by appellant and demurrer was sustained to it. We do not think it is well taken.

Appellant is the Louis Horn mentioned in the will of T. R. Horn. The will and codicil are alleged to have been admitted to probate.

Item 3 of the will and Item 1 of the codicil are as follows:

"Third. I will, devise and bequeath to the heirs of my deceased son, J. K. Horn, one hundred and seventy nine acres of land being a part of the old Jim Horn place and being the property where the heirs of J. K. Horn are now living, said lands including the pasture on the south side of the Luverne-Glenwood Road and south of the twenty acres which I have willed above to Louis Horn. Said land to be Verla Horn's for her life then to the heirs of her body."

"Item 1. I hereby revoke item 3 of my last will and testament, above referred to, and in lieu thereof I hereby bequeath to the heirs of my deceased son, J. K. Horn, one hundred and fifteen acres of land, being a part of the old Jim Horn place and being a part of the property where the heirs of J. K. Horn are now living; said land to be Verla Horn's for her lifetime, and at her death to the heirs of her body in fee simple. I further will that sixty-four acres of the one hundred and seventy-nine acres which were originally willed to the heirs of J. K. Horn, deceased, in item 3 of my will of November 2, 1938, shall go to my son, Louis Horn, in fee simple."

Appellant proceeds in the bill as for a partition in kind by tenants in common, claiming that by the codicil he acquired an undivided $^{64}/_{179}$ths interest in the land (equal to ".358 per cent thereof"), and seeks by such partition to have set off sixty-four acres to him "and making such other partition and division and orders thereon as may be proper in the premises," alleging that partition of the one hundred and seventy-nine acres can be fairly and equitably made by setting off to him sixty-four acres, and the balance set off to the respondents as the life tenant and remaindermen, all of whom are made parties.

Appellee contends that the will did not intend to give appellant an undivided interest in the land, which would justify a sale for division; that if it develops that partition in kind will not be equitable the court could sell it for division; that the testator intended to devise, quoting from the brief, "definite and distinct tracts to the parties here involved"; that any idea of a tenancy in common is negatived by the evident intent of testator; that an action for partition cannot be maintained where there is no tenancy in common.

■ It is apparent that what the pleader is seeking is that the court of equity shall supervise the selection and setting apart to him of sixty-four acres out of the tract of one hundred and seventy-nine acres, leaving the balance or one hundred and fifteen acres for the life tenant and remaindermen. In a sense that amounts to a division of the land so as to set it apart to those who are entitled to it; and it may be true that the parties are not, strictly speaking, tenants in common entitling them to a technical partition. It is immaterial what particular language is used in a bill seeking relief and what legal conclusions are drawn by the pleader, if the facts are alleged and a distinct equity power is authorized and sought expressly or impliedly.

■ The rule in such case is that he who has such a testamentary provision may make a selection of the acreage out of the larger tract. The principle was fully settled in Prater v. Hughston, 202 Ala. 192, 79 So. 564, where there was in substance a similar provision in a will. It is also approved in Baumhauer v. Jones, 224 Ala. 484, 140 So. 425; Alabama Corn Mills Co. v. Mobile Docks Co., 200 Ala. 126, 75 Ala. 574; 69 Corpus Juris 384, § 1413.

■ The facts alleged in the bill show that appellant is entitled in equity to select a tract of sixty-four acres, and that appellees may select a tract of one hundred and fifteen acres, all out of the one hundred and seventy-nine. Since each interest has the equal right to make a selection, it can only be done under the supervision of the court so as to make each tract a compact body with straight lines for boundaries, and to be in proper proportionate value according to the equities of the situation. Baumhauer v. Jones, supra, 224 Ala. 486, 140 So. 427(2).

We think the bill is not subject to demurrer on the foregoing contention.

■ It is also contended that the terms of Item 1 of the will devise a contingent remainder or executory devise to the heirs of the body of Verla Horn at her death; that she may have children other than those of J. K. Horn, the son of testator, by whom Verla Horn had children, and who are made parties to this suit, and that this court cannot proceed so as to affect their rights and interests, and therefore will not proceed at all.

We are not concerned with the possible rights of any such unborn children, if there

should be any, who might claim under Item 1, supra, section 141, Title 47, Code of 1940, and whether the first part of said item shows an intention to limit the remainder to such of the heirs of Verla Horn as may have been heirs of his son J. K. Horn who was deceased at the time the item was drafted.

But the controversy here is between Louis Horn claiming the right to an assignment of sixty-four acres on one hand and of Verla Horn (now Peek) and her lineal heirs living at her death to one hundred and fifteen acres remaining. So that the effect is not to decide any conflict as to such unborn children, if there should be any, but to set apart one hundred and fifteen acres of the one hundred and seventy-nine for them or such of them as may be entitled to share in it when the right shall become vested. So that their interest is duly and virtually here represented by their mother, and the children of Verla Horn now in being. Letcher v. Allen, 180 Ala. 254, 60 So. 828; Culley v. Elford, 187 Ala. 165, 65 So. 381; Elmore v. Galligher, 205 Ala. 230, 87 So. 349; Ussery v. Darrow, 238 Ala. 67(7), 188 So. 885.

The demurrer raises the question of the sufficiency of the description in the bill of the one hundred and seventy-nine acres. It is described as "a certain tract of real property situated in Crenshaw County, Alabama, which is known as part of the James Horn place, and which is known as the J. K. Horn place," and quotes features of the will with further description.

Item 1 of the codicil describes the one hundred and fifteen acres devised to the heirs of his deceased son J. K. Horn as "being a part of the old Jim Horn place and being a part of the property where the heirs of J. K. Horn are now living." Paragraph Third of the original will devised the entire one hundred and seventy-nine acres to the heirs of his deceased son, J. K. Horn, and described it as "being a part of the old Jim Horn place and being the property where the heirs of J. K. Horn are now living, said lands including the pasture on the south side of the Luverne-Glenwood Road and south of the twenty acres which I have willed above to Louis Horn." Item 1 of the codicil describes the sixty-four acres devised to Louis Horn as being part "of the one hundred and seventy-nine acres which were originally willed to the heirs of J. K. Horn, deceased, in Item 3 of my will of November 2, 1938." All of this is so alleged in the amended bill.

In construing the sufficiency of the description in the complaint, we may refer to such instruments, maps, monuments and other objects to which reference is made in the description. Klepac v. Fendley, 222 Ala. 417, 132 So. 619; Hughes v. Allen, 229 Ala. 467, 158 So. 307; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Little v. Thomas, 204 Ala. 66, 85 So. 490; Martin v. Carroll, 235 Ala. 30, 177 So. 144.

In suits for the sale of land for division, where a judgment by default will describe the land as in the complaint, it has been held that a complaint describing land merely as being known by a certain name is subject to demurrer, but it would be upheld on collateral attack, though the same description went through the proceedings and into the deed. Martin v. Carroll, supra. This principle was also applied in an ejectment suit in Parker v. Jefferson County, 209 Ala. 138, 95 So. 364, overruling Lodge v. Wilkerson, 165 Ala. 302, 51 So. 609, by a divided court. See, also, Little v. Thomas, supra.

The reason for so holding in a suit for the sale of land for division is thus expressed in Hinson v. Cook, 241 Ala. 70, 1 So.2d 33, 35:

"In proceedings of this sort, the lands should be described with such certainty that prospective purchasers may readily identify the several parcels; and that deeds thereto should not invite controversy because of indefinite description; and the sheriff could readily execute an order to put the purchaser in possession.

"Deeds which may be upheld only on the broad ground that a description is certain which may be made certain, should not result from judicial sales, if probable controversy and expense may arise because of indefinite description.

"When challenged by demurrer the bill should be amended, if need be, to render the description certain. Martin v. Carroll, supra; Hughes v. Allen et al., 229 Ala. 467, 158 So. 307; Carroll v. Fausett, 206 Ala. 526, 91 So. 73; Griffin v. Hall, 111 Ala. 601, 20 So. 485."

But the instant suit is to set off sixty-four acres out of the large tract when a default decree will not carry into the final decree and deeds affected by it the same description as set forth in the complaint.

The commissioners and the court must describe the parcel awarded to complainant and describe the same by data available from the proof, and the deeds will likewise be so expressed.

In the case of Strange v. Gunn, 56 Ala. 611, the Court was dealing with a demurrer to a complaint for partition in kind for insufficiency of description, and in holding that the complaint was subject to demurrer observed:

"We think, however, that the property sought to be divided is not sufficiently described. 'A certain law library, * * * consisting of about fifteen hundred volumes of text books and reports,' is the description given in the petition. This is too general and indefinite. It must be so described, as that an issue can be formed on the allegation of joint or common ownership; that testimony can be adduced, and an intelligent decree rendered on such allegation and issue; and that the commissioners appointed may know precisely what they are required to divide or partition between the parties interested. Less than this will leave them without the information and means necessary to perform the service required of them. Rev.Code, §§ 3108, et seq."

In that case the complaint did not locate it nor call it by a name by which it was known nor show that it was in defendant's possession, nor give other descriptive data. In the instant case, the bill refers to and copies matter from the will showing that the one hundred and seventy-nine acres are in possession of respondents who are the heirs of J. K. Horn, deceased, and the name by which it is called and the county where located, and its position with reference to a pasture and a public road and other lands mentioned.

This description is sufficient to meet the requirements of Strange v. Gunn, supra. See, Hopkins v. Duggar, supra.

The demurrer should not have been sustained, and will be here overruled.

Reversed, rendered and remanded.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.