KENNEDY v. MANESS.

(Filed April 4, 1905).

*Ejectment—Deeds—Description—Adverse Posession—Instructions—Costs.*

1.  In an action of ejectment where the description in the defendant's deed was; "Beginning at a white oak running South of West 33 rods to a stake; thence East of South 33 rods to a stake; thence West of North 33 rods to the beginning, containing 6 acres more or less" the plaintiff's exception to a ruling by the Court that the description was void for vagueness and admitting the paper only as a declaration of the grantor bearing upon the character of the possession by the defendant, is without merit.

2.  An instruction that if the jury should find that said 6 acre tract had marked lines and boundaries where said lines and boundaries passed through wooded lands and there was a white oak marked as a corner in said woods and at two other corners there were stakes and at the other corner there had been a stake that was broken off and that the defendant cultivated every year the open land up to the straight lines running from one stake to the other used the woods for a pasture and for wood, timber and litter, and used the fruit from the orchard, these would constitute such known and visible boundaries as to make a possession thereunder that would ripen into title by 20 years adverse possession, is not erroneous.

3.  In an action of ejectment an instruction that: "the fact that the plaintiff did not know how the defendant claimed to hold the land upon which he was living, has nothing to do with the case, it was the duty of the plaintiff before he undertook to buy, to go to defendant and find out how he held" is not erroneous.

4.  In an action of ejectment against several defendants, where the jury found for one of the defendants. a judgment which provided that he go without day and recover of the plaintiff "his costs of the action," is proper.

ACTION by Duncan Kennedy and others against Thos. W. Maness and others, heard by *Judge R. B. Peebles* and a

jury at the September Term, 1904, of the Superior Court of MOORE County. From a judgment in favor of the defendant, Maness, the plaintiffs appealed.

*H. F. Seawell* for the plaintiffs.
No counsel for the defendant.

CLARK, C. J. This was an action to recover 216 acres of land lying in one body, but in four separate tracts. The defendants answered, denying the plaintiffs' title, an issue was submitted as to title of each defendant in his respective tract. The plaintiffs recovered judgment except as to the six acres of which the defendant, T. W. Maness, was adjudged owner and another tract of 57 acres, with respect to which last the court below granted a new trial.

Upon the trial it appeared that Thomas W. Maness was in possession of the six acres claimed by him and was not in possession of any other part of said lands. To this he claimed title by continuous adverse possession. He introduced a deed dated 15 Feb., 1875, from Elias Maness, under whom the plaintiffs claim by virtue of *mesne* conveyances from the purchaser at a foreclosure sale under a mortgage executed by said Elias Maness 22 May 1878. The aforesaid conveyance from Elias to Thomas W. Maness described the property as follows: "Beginning at a white oak, running south of west 33 rods to a stake; thence east of south 33 rods to a stake; thence west of north 33 rods to the beginning, containing six acres more or less." It was in evidence that the defendant had lived on the said six acres since 1875; that this six acre tract was surveyed for Elias that he might make said conveyance to his son (Thomas); that there are lines around the six acres; that there is a public road on one side; that through the woods part there is a chopped line; that at the beginning there was a white oak with a blaze and two chops; that there were in 1875, and there still are,

stakes at two of the other three corners; that Thomas has cul-
tivated a part of the cleared land every year, the woods he
has used as pasture, except a part of it which he cleared up
and has cultivated; that he has also continuously used the
fruit from the orchard.   There was conflicting evidence both
that Thomas W. Maness has occupied and used said six
acre tract, claiming it as his own continuously since 15
Feb. 1875, and on the contrary that he rented it from the
purchaser at the mortgage sale, which was left to the jury
who found for the defendant.

The plaintiff contended that the conveyance from Elias
Maness to Thomas W. Maness, 15 Feb., 1875 was void for
vagueness in the above 'recited description.   The court so
ruled and admitted the paper only as a declaration of Elias
bearing upon the character of the possession by Thomas of
said six acre tract, and charged the jury that "if they should
find from the evidence that said six acre tract of land had
marked lines and boundaries, as testified by the witnesses,
where said lines and boundaries of said tract passed through
wooded lands, and there was a white oak marked as a cor-
ner in said woods, as testified by the witnesses, and at two
other corners of said tract there were stakes, and at the other
corner there had been a stake that was broken off, and that
Thomas Maness cultivated every year the open land up to
the straight lines running from one stake to the other, used
the woods for a pasture and for wood, timber and litter, and
also used the fruit from the orchard, these would constitute
such known and visible boundaries as to make a possession
thereunder that would ripen into title by 20 years adverse
possession as aforesaid."   The plaintiffs excepted and as-
signed the same as error.   The court further instructed the
jury that "The fact that the plaintiffs did not know how
Thomas W. Maness claimed to hold the land upon which
he was living, has nothing to do with this case.   It was the
duty of the plaintiffs, before they undertook to buy, to go to

this party and find out how he held." The plaintiffs excepted to this instruction and asigned the same as error.

In none of these particulars do we find any error. The plaintiffs also contend that there was error in taxing all the costs against the plaintiffs, but the judgment provides only that "Thomas W. Maness go without day and recover of the plaintiffs his costs of this action." To this he is certainly entitled. The costs, between the plaintiffs and the other defendant, is a matter for adjudication in the several judgments between them.

No Error.