T. G. BEARD v. W. M. TAYLOR.

(Filed 20 December, 1911.)

1. **Instructions—Verdict, Directing—Appeal and Error—Absence of Evidence.**

    An instruction by the Superior Court, that if the jury find from the evidence the existence of certain facts, to answer an appropriate issue in a certain way, cannot be reviewed in the Supreme Court when the evidence referred to is not disclosed by the record.

2. **Deeds and Conveyances—Descriptions—Evidence.**

    There must be competent evidence to fit the lands in controversy to the description in the deed, for the party claiming under the deed to recover.

3. Instructions—Presumed Correct.

An instruction given by the trial court to the jury is presumed to be correct, nothing appearing of record to the contrary.

4. Deeds and Conveyances—Description—Uncertainty—Impossible of Location.

A deed to the purchaser of lands at an execution sale is void for uncertainty of description which conveys "about eleven acres (of land owned by T.) where he now lives, excepting three acres, including house and barn, which was allotted to him as his homestead, the remaining eight acres or so much thereof as may be necessary to satisfy said execution," for the reason that it is impossible to say what part of the eight acres is intended to be conveyed.

APPEAL from *Webb, J.,* at July Term, 1911, of SWAIN.

The entire case on appeal is as follows:

This is an action of ejectment against Taylor, the judgment debtor, by Beard, judgment creditor, the grantee of the purchaser at the execution sale.

The court submitted the fourth issue, set out in the record, and charged upon the same as follows:

"The court charges you that if you believe all the evidence in this case you will answer the fourth issue 'No.' The court is of the opinion, and so charges you, that the description in that deed from the sheriff to the party under whom the plaintiff claims is so vague and insufficient that it does not convey any property at all, or any part thereof. So the court charges you that if you believe all the evidence you answer the fourth issue 'No.'"

To this charge the plaintiff Beard excepts—or, to be more specific, to the part, "The court charges you that if you believe all the evidence in this case, you will answer the fourth issue 'No.'"

Also to the part: "The court is of the opinion, and so charges you, that the description in that deed from the sheriff to the party under whom the plaintiff claims is so vague and insufficient that it does not convey any property at all, or any part thereof."

The plaintiff Beard excepts to that part of the judgment in this action on said fourth issue declaring that plaintiff is not the owner of the eleven acres or any part thereof.

The following statement appears in the record:

"*Calls of Sheriff's Deed of 11-Acre Tract:* Also another tract of land owned by W. M. Taylor, containing about eleven acres, where he now lives, excepting three acres including house and barn, which was allotted him as his homestead, the remaining eight acres or so much thereof as may be necessary to satisfy said execution."

There was a judgment in favor of the defendant, and the plaintiff excepted and appealed.

*F. C. Fisher* for plaintiff.
*Bryson & Black* for defendant.

ALLEN, J. The case on appeal does not disclose what evidence was introduced on the trial, nor does it set out or identify the deed referred to, and as the action of the judge is presumed to be correct, we must affirm the judgment.

If, however, the exception is intended to present the correctness of a ruling by the judge that the description under the heading, "Calls of sheriff's deed for eleven-acre tract," is void for uncertainty, we would hold that there is no error.

If the description had stopped at the word "homestead," it would have been sufficient, but the additional clause makes it impossible to say what part of the eight acres is intended to be conveyed.

*Cathey v. Lumber Co.,* 151 N. C., 592, is in point. In that case the grantor attempted to convey 324 acres, part of a tract of land of 724 acres, and it was held that no title passed, the Court saying: "The deed under which defendant claims does not purport to convey the whole of a described tract of land, but only a certain number of acres thereof, to wit, '324 acres of land, part of a certain tract of land composed of Nos. 3044, 3097, and 3098, in Graham County.' The boundaries of the entire tract, from which the 324 acres are to be taken, are set out with exactness, and the entire tract, as stated in the deed, contains 724 acres. The deed furnishes no means by which the 324 acres can be identified and set apart, nor does the instrument refer to something extrinsic to it by which those acres may be located. It is self-evident that a certain part of a whole

cannot be set apart unless the part can be in some way identified. Therefore, where a grantor undertakes to convey a part of a tract of land, his conveyance must itself furnish the means by which the part can be located; otherwise, his deed is void, for it is elementary that every deed of conveyance must set forth a subject-matter, either certain within itself or capable of being made certain by recurrence to something extrinsic to which the deed refers."

The judgment must be affirmed.

No error.