HATTIE CAUDLE ET ALS. v. SARAH CAUDLE ET ALS.

(Filed 17 April, 1912.)

**Wills — Devises — Indefinite Description—Division of Lands—Tenants in Common—Partition—Parol Evidence.**

Under a devise of testator's lands in different portions to his children, to one of them "the old home place where I now live," it appearing that the sum of all the portions equaled the acre-

age of all of his lands, the children named took as tenants ·in common, except as to "the old home place" specifically devised. The lands may be divided among them in proceedings for partition in accordance with the number of acres each was to take under the will. The number of acres being equal to all the testator owned, would make the admission of parol evidence unnecessary to fit the lands to the devise, which otherwise would have been competent.

APPEAL from *Justice, J.,* at January Term, 1912, of STANLY.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Jerome & Prince and R. E. Austin for plaintiff.*
*R. L. Smith for defendant.*

CLARK, C. J. The testator devised to his daughter Sarah "60 acres of land"; to his daughter Eliza "40 acres"; to his daughter Henrietta "40 acres"; to his son S. J. "125 acres"; to his son R. E. "82 acres," the latter to include "the old home place where I now live." It was admitted in the trial below that the testator died seized and possessed of 347 acres of land.

The plaintiffs are the other heirs of the testator, who have brought this proceeding against the devisees above named, alleging that the testator left 347 acres of land, and asking for a partition of the same among themselves and the defendants in equal shares. The clerk adjudged that the defendants were sole tenants in common of said 347 acres under the will. On appeal, this judgment was affirmed by his Honor, and the plaintiffs appealed.

The court was correct in holding that the devisees were tenants in common of the 347 acres. If the testator had devised one-fifth of his land to each of said devisees, it could not be questioned that they were entitled to take as tenants in common and could make partition between themselves, or apply to the courts to order partition, and that one-fifth be set off and allotted to each devisee. It being admitted here that the testator left 347 acres of land, it follows that instead of giving one-fifth thereof to each of said devisees, the testator devised 40-347ths to one; 40-347ths to another; 60-347ths to another; 125-347ths to another; and 82-347ths to the other. The testa-

tor left it to the said devisees to use their own pleasure as to making partition among themselves in that proportion, with no restriction save that one of the devisees named should have the home place on his 82 acres.

It may be that these devisees may prefer to continue as tenants in common, or they may set apart and allot in severalty to each the specified number of acres, if they can agree. If they cannot do so, then they may apply to the court to appoint commissioners to make and allot to each his share in severalty. The plaintiffs are the other heirs of the testator for whom other provision is made in the will. They have no interest in said 347 acres of land, and their petition for partition thereof was properly denied.

In *Harvey v. Harvey,* 72 N. C., 570, the testator devised to one son 250 acres of land and to another 250 acres of land, and then provided that the remainder should be sold. The court held that it was competent to appoint commissioners to allot to each son 250 acres of land, so as to make that certain which before was uncertain. The present is a much stronger case in favor of the devisees, as the testator had only 347 acres and the acreage devised to the five devisees named foots up exactly 347. It thus appears that the title to the entire tract went to the five devisees as tenants in common, and that it is for them, should they wish to make partition. This case was cited with approval in *Jones v. Robinson,* 78 N. C., 400, and *Wright v. Harris,* 116 N. C., 465.

In the latter case the testator devised 50 acres of land to a family servant, and it was held that he was entitled to have 50 acres of land allotted to him by metes and bounds out of the 1,200 acres left by the testator. This decision was reaffirmed in *Harris v. Wright,* 118 N. C., 423.

Parol evidence of surrounding circumstances is competent in the interpretation of a deed or will to enable the court to ascertain the intention of the parties. *Ward v. Gay,* 137 N. C., 397; *Boddie v. Bond,* 154 N. C., 359. But in this case it is not even necessary to do this. It is admitted that the testator owned 347 acres only, and the will shows on its face that he devised that number of acres, in proportions stated, to five of his chil-

dren. The will specifies that one of the devisees is to have that part of the tract on which the "home place stood," and the residuary clause shows that the testator understood that he had disposed of all his realty.

The judgment of the court below is

Affirmed.