PHŒBY FULWOOD ET AL. V. JAMES B. FULWOOD ET AL.

(Filed 26 March, 1913.)

1. **Wills — Devises—Latent Ambiguity—Extrinsic Evidence—Declarations of Testator.**

   A devise of the testator's "homestead tract" of land, when it appears that the buildings, outhouses, etc., where he had resided were on a tract containing 200 acres, but that he had acquired other adjoining tracts, from different persons at different times, presents a case of latent ambiguity, admitting extrinsic evidence to fit the description, and in this case, for that purpose, it was competent to show testator's declarations respecting it at the time of making the will, and at other times, his manner of dealing with the lands, etc.

2. **Appeal and Error—Maps—Evidence Excluded—Materiality.**

   Where a map to the lands in controversy has not been sent up with the record, its exclusion by the court below will not be held for error, for the appellate court cannot see its relevancy; but in any event its exclusion in this case was proper if it was because the surveyor had marked his conclusion instead of following the direction of the court in making it.

3. **Wills — Devises—Latent Ambiguity—Evidence Excluded—Unanswered Question—Appeal and Error.**

   Where a devise of lands, by its description, causes a latent ambiguity so as to admit of extrinsic evidence of its location or extent, the refusal of the trial court to allow witnesses to answer questions as to its boundary or location, without statement as to what the answers would be, will not be held for error.

APPEAL by plaintiffs from *Bragaw, J.,* at September Special Term, 1912, of BRUNSWICK.

This is a proceeding for the partition of five tracts of land between the heirs of Benjamin Fulwood.

It was admitted at the trial that the said Fulwood acquired a 200-acre tract of land in 1875, which is not embraced in this proceeding; that he acquired the first and second tracts described in the petition in 1881, and the third tract in said petition in 1882, and the fourth and fifth tracts at some other time.

The first, second, and third of said tracts adjoin the 200-acre tract, on which was the home, outhouses, etc.

The said Benjamin Fulwood left a will, in which he devised "the homestead tract of land" to the defendant James B. Fulwood, subject to the life estate of the widow of Benjamin Fulwood.

The petitioners contended that "the homestead tract" included the 200-acre tract and no more, and the defendant contended that it included the 200-acre tract and the first, second, and third tracts described in the petition.

It was admitted that the plaintiffs and defendant were tenants in common of the fourth and fifth tracts.

There was a verdict in favor of the defendant, and the petitioners appealed from the judgment rendered thereon.

*C. Ed. Taylor for plaintiffs.*
*Cranmer & Davis and Robert Ruark for defendant.*

ALLEN, J.  The description of the land devised to the defendant as "the homestead tract" presented the case of a latent ambiguity, as it was uncertain what land was intended to be included under that designation, after it appeared that the 200-acre tract and the first, second, and third tracts described in the petition were adjoining tracts, and that the lands were acquired under different descriptions and at different times. *Sherrod v. Battle,* 154 N. C., 353.  It was then permissible to introduce extrinsic evidence to fit the description, and for that purpose the declarations of the testator at the time of making the will and at other times, and his manner of dealing with the land, as by listing for taxation as one tract, were competent evidence.  *Kincaid v. Lowe,* 62 N. C., 42; *McLeod v. Jones,* 159 N. C., 76.

The map is not sent up as a part of the record, and we cannot see that there was error in its exclusion.  If, as may be inferred, the ruling of the court was because the surveyor had not followed the order under which he was acting, and had marked on the map his conclusions, his Honor properly refused to admit it as evidence.  The other questions asked the surveyor are either as to irrelevant matters or the relevancy of the evidence offered does not appear to us.

The deeds introduced showed that the lands were conveyed to Benjamin Fulwood at different times and by different descriptions, and all the evidence was to the effect that the buildings were on the 200-acre tract.

When a witness is asked, "Is there a branch separating the 200-acre tract which you surveyed and Tract No. 1, which you surveyed?" "What separates Tract No. 3 from the 200-acre tract?" "What, if anything, in the nature of a natural boundary divides these two tracts from each other?" without other statement as to what would be the testimony of the witness, and as to its materiality, it is impossible for us to say there is prejudicial error.

The other exceptions require no discussion. The whole controversy was one of fact, which has been determined by a jury, and we find no error upon the trial.

No error.