HAMLYN ET AL. *v.* HAMLYN ET AL.

[No. 15,405. Filed April 22, 1937.]

*Alonzo B. Blair* and *John J. Gould,* for appellants.

*George I. White,* for appellees.

CURTIS, J.—This was an action brought by the appellants against the appellees to quiet their title to certain real estate. They claimed title by virtue of a deed to their adoptive father for life with remainder over to his children. The appellee, Emma G. Hamlyn, is the widow of the adoptive father who was the grantee of the life estate. The remaining appellees, with the exception of Russell Hamlyn, are contingent remaindermen and base their claim to title on the ground that the said grantee died leaving no children within the meaning of the provisions contained in the deed in question.

The first paragraph of appellants' complaint was dismissed. To the second paragraph of complaint the appellees, except Russell Hamlyn, filed demurrers. The same appellees filed a cross-complaint against the appellants and the appellee, Russell Hamlyn, to quiet their title to the real estate in controversy.

Russell Hamlyn failed to appear and was defaulted. The court sustained the demurrers to appellants' second paragraph of complaint, and the appellants having refused to plead over, and having excepted to the ruling of the court in sustaining said demurrers, the court entered judgment quieting title in appellees and for costs against appellants.

The single error relied upon for reversal is that the trial court erred in sustaining appellees' demurrers to appellants' complaint.

Paragraph two of the complaint, omitting formal parts, is as follows: "For a second and further paragraph of complaint in the above and foregoing entitled cause, the plaintiffs, John Newal Hamlyn and Nancy Matilda Hotze, complain of the defendants, Emma G. Hamlyn, Herbert Hamlyn, Ernest Hamlyn, Alice Boone, Ambrose Hamlyn and Russell Hamlyn, and say that heretofore, to wit: on the 19th day of September, 1902, Nancy Hamlyn, the mother of Merrit O. Hamlyn, now deceased, executed a certain deed wherein and whereby she conveyed to her son, said Merrit O. Hamlyn, subject to the reservations and conditions recited in said deed, the following described real estate situated in Johnson County, in the State of Indiana, to wit: 'Forty (40) acres off of the east side of the west half (½) of the southeast quarter (¼) of Section twenty-eight (28), Township fourteen (14) North, of Range five (5) East.'

"That said deed was duly recorded in Deed Record No. 41, page 72, of the records in the recorder's office of Johnson County, State of Indiana, on the 25th day of September, 1902, and that the said deed is in the words and figures following, to wit: 'This Indenture Witnesseth: That Nancy Hamlyn (widow of Jonas Hamlyn, deceased), of Marion County, State of Indiana, Conveys and Warrants to Merritt O. Hamlyn, of Johnson County, State of Indiana, subject to the reservations and conditions hereinafter recited, the following described real estate in Johnson County, Indiana, to wit: Forty (40) acres off of the east side of the West half (½) of the southeast quarter (¼) of Section twenty-eight (28), Township fourteen (14) North, of Range five (5) East; to have and to hold during his natural life with remain-

der over to go as follows, to wit: One-third to his wife Emma G. Hamlyn to have and to hold during her natural life or until her marriage, and then, upon her death or marriage, to the children, and grandchildren of said Merritt O. Hamlyn, and two-thirds to the said children and grandchildren of said Merritt O. Hamlyn, his said grandchildren taking the same share in either event that their parent would have taken if living. PROVIDED, that if said Merritt O. Hamlyn shall die leaving no children then the remainder after the death of him, the said Merritt O. Hamlyn, shall go to his said wife, Emma G. Hamlyn, for and during her natural life, or until her marriage; and after her death or marriage to the children of the grantor herein, Nancy Hamlyn, share and share alike. This conveyance is made of the real estate herein conveyed which, together with farming utensils and other property heretofore given said grantee Merritt O. Hamlyn, is of the estimated value of $3000.00, three thousand dollars, as and for an advancement of the said sum of three thousand dollars ($3000.00) by the said grantor, Nancy Hamlyn, to said grantee, Merritt O. Hamlyn, her son. As part of the consideration for this conveyance the said grantee Merritt O. Hamyln, agrees and binds himself by the acceptance of this deed to pay to said grantor his rateable proportion of such sums as may be hereafter demanded by said grantor of her children for her comfortable support and maintenance during her life, said grantee to contribute his proportion equally with the other children of said grantor; and said grantee further agrees that the agreement aforesaid shall be a charge on the land hereby conveyed, and that said grantor shall, during her life, have a lien on said real estate for such sums as may accrue under and pursuant to said agreement.

"In Witness Whereof the said Nancy Hamlyn has here-

unto set her hand and seal this 19th day of September, 1902.

                              NANCY HAMLYN

State of Indiana  ⎫
County of Marion  ⎬ SS:

Before me the undersigned, a Notary Public in and for the county and State aforesaid, this 19th day of September, 1902, personally appeared the above named Nancy Hamlyn and acknowledged the execution of the above deed.

Witness my hand and Notarial Seal the day and year last above written.

(L. S.)                RUSSELL T. BYERS, Notary Public

My Notarial Commission Expires July 20, 1905.'

"That at the time of the execution of said deed, as aforesaid, the said defendant herein, said Emma G. Hamlyn, was the lawful wife of the said Merritt O. Hamlyn, and that they lived together as husband and wife thereafter until the —— day of——, 1905; that on the 29th day of May, 1905, the said Emma G. Hamlyn procured a divorce from the said Merritt O. Hamlyn.

"That afterwards, to-wit: on the 24th day of February, 1913, the said Merritt O. Hamlyn filed his proper petition in the Johnson Circuit Court of Johnson County, Indiana, for the adopting of the said plaintiffs herein whose names were then John Newall Ellis and Nancy Matilda Ellis, who were then minors. That afterwards, on the said 24th day of February, 1913, the said Johnson Circuit Court by a due and proper order made and entered in Order Book No. 57, pages 26 and 27 of the records of said court, ordered adjudged and decreed that the said John Newall Ellis and Nancy Matilda Ellis be adopted by the petitioner, said Merritt O. Hamlyn, and that the said John Newall Ellis take the name of

John Newall Hamlyn and that Nancy Matilda Ellis take the name of Nancy Matilda Hamlyn, and that each be entitled to and receive all the rights and interests in the estate of such adopting father, by descent or otherwise. That afterwards, to-wit: on the 15th day of August, 1921, the said Nancy Matilda Hamlyn was duly and legally married to one Eugene Hotze.

"The said plaintiffs herein further allege the fact to be that on the —— day of December, 1925, the said Merritt O. Hamlyn and the said Emma G. Hamlyn were legally married and did then and there live together as husband and wife, until the 12th day of February, 1932, on which said date, the said Merritt O. Hamlyn died, leaving surviving him his widow, Emma G. Hamlyn, a defendant herein, and his said children the said John Newall Hamlyn and Nancy Matilda Hotze, the plaintiffs herein.

"That the said Merritt O. Hamlyn left no parent or parents, or grandchild or grandchildren surviving him.

"That the defendant herein said Russell Hamlyn is the adopted child of said Merritt O. Hamlyn, deceased, and, that the said defendants Herbert Hamlyn, Ernest Hamlyn, Alice Boone, and Ambrose Hamlyn are the brothers and sister of said Merritt O. Hamlyn, deceased.

"That said plaintiffs herein by reason of the said deed hereinbefore mentioned and set out are the owners in fee simple, as tenants in common, and are entitled to the possession of the said real estate hereinabove described; that the said defendants each claim an interest in the said described real estate adverse to the said plaintiffs' rights, which claim or claims are without right and unfounded, and a cloud upon the plaintiffs' title.

"Wherefore, plaintiffs pray the court that said defendants' claim or claims be declared null and void, and

that plaintiffs' title to said described real estate be quieted, and for all other and proper relief in the premises."

We need not set out the demurrers in full, it being sufficient to state that they raise the question and make the point that since the appellants are adopted children only of the grantee of the said life estate that they do not take the real estate of their said adoptive father by virtue of the deed to him above set out and that said real estate passed to the appellees upon his death.

The instant case turns upon the meaning of the words *children and grandchildren* as first used in the following provision of the said deed to-wit: "To have and to hold during his natural life with remainder over to go as follows, to-wit: One-third to his wife Emma G. Hamlyn to have and to hold for her natural life or until her marriage, and then upon her death or marriage to the children, and grandchildren of said Merritt O. Hamlyn, and two-thirds to the said children and grandchildren of said Merritt O. Hamlyn, his said grandchildren taking the same share in either event that their parent would have taken if living. PROVIDED, that if said Merritt O. Hamlyn shall die leaving no children then the remainder after the death of him, the said Merritt O. Hamlyn, shall go to his said wife, Emma G. Hamlyn, for and during her natural life, or until her marriage; and after her death or marriage to the children of the grantor herein, Nancy Hamlyn, share and share alike."

It is the appellants' contention that the words children and grandchildren as used in the deed as above set out include adopted children as well as natural children and that they therefore should be held to take the real estate in question. Upon the other hand the appellees contend that only natural children and natural grandchildren were meant by the said words. We think

that neither the appellants nor the appellees have exactly interpreted and applied the law. At the time this case was briefed neither party had the benefit of the recent case of *Beck et al* v. *Dickinson, etc., et al.* (1934), 99 Ind. App. 463, 468, 192 N. E. 899 wherein it was held that "2nd. *When one makes provision for his own child or children in his will be will be deemed to have included an adopted child or children unless there is something in the will, or something in the extraneous circumstances to rebut said presumption. Where one makes provision in his will for a child or children of some person other than himself he will be deemed not to have included an adopted child or children of such other person unless there is something in the will or something in the extraneous circumstances to rebut said presumption.*" (Our italics.)

The instant case is not a will case as was the above case but we think that practically the same rules of construction are applicable to the deed under consideration as are applicable to wills. The deed itself shows conclusively that it was either a gift or voluntary settlement by the grantor to the grantee. Where a conveyance is testamentary in character or is by way of a gift or a voluntary settlement the same rules of construction are applicable as in the case of wills, except that ordinarily less latitude is allowed in the construction of a deed then is allowed in the construction of a will. See 18 C. J. page 252.

When the pleadings in the instant case are measured and tested by the rules above laid down it becomes apparent that the ruling on the demurrer was incorrect for the reason that the trial court could not as a matter of law decide what the words children and grandchildren included. It is true that under the Beck case, *supra,* the holding was that when said words were used in reference to children or grandchildren of some person other than the one who used

said words the presumption was raised that adopted children or adopted grandchildren were not included "unless there is something in the will or something in the extraneous circumstances to rebut said presumption." But it has long been the rule that when the words "children or grandchildren" are used in an instrument, parol evidence is admissible of any extrinsic circumstances tending to show what children or grandchildren were intended by the party. The said presumption may thus be rebutted. See Greenleaf on Evidence, Sixteenth Edition pages 416 and 417, also *Beck* v. *Dickinson supra*.

Since in the instant case, the court had before it for construction the deed containing the words children and grandchildren and since parol evidence was permissible to explain the meaning of the said words, it becomes apparent that by the ruling on the demurrer the court shut off the appellant from the opportunity to produce such evidence. The ruling was, therefore, erroneous. See: *Nickerson* v. *Hoover, Admr.* (1919), 70 Ind. App. 343, 115 N. E. 588; *Skinner* v. *Spann* (1911), 175 Ind. 672, 93 N. E. 1061, 95 N. E. 243; *Beck* v. *Dickinson, supra;* Greenleaf on Evidence, *supra;* 18 C. J. page 260.

This appeal having arisen upon the pleadings we know nothing whatever of any extrinsic evidence that might or might not be produced by the appellants and therefore we express no opinion whatever upon the merits in that regard. Neither is it necessary in this opinion for us to decide what the situation would have been if the deed in question had been an ordinary conveyance not made as a gift or voluntary settlement.

The judgment is reversed with instructions to the trial court to set aside its former ruling on the said demurrer and to overrule the same and for further proceedings not inconsistent herewith.

Judgment reversed.