SHARON ROWE STEPHENSON, SANDRA ROWE FAULKNER, SHEILA ROWE AND MAXINE ROWE AS GUARDIAN AD LITEM FOR SYLVIA PAULETTE ROWE, A MINOR, ANGELA ALINE ROWE, A MINOR, KATHERINE LOUISE ROWE, A MINOR, AND AARON WILLIAM ROWE, A MINOR, AND JOHN J. SCHRAMM, AS GUARDIAN AD LITEM FOR UNBORN PERSONS v. LUCILLE JONES ROWE, INDIVIDUALLY AND AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF AARON WILLIAM ROWE AND AS TRUSTEE UNDER THE WILL OF AARON WILLIAM ROWE

No. 515A85

(Filed 7 January 1986)

**1. Wills §§ 1.4, 56— devise of acres out of larger tract—not void for vagueness**

A devise of a specified number of acres, not described by metes and bounds, out of a larger tract is not void for vagueness. The contrary decision of *Hodges v. Stewart*, 218 N.C. 290, 10 S.E. 2d 723 (1940) is overruled.

**2. Wills § 56— devise of acres out of larger tract—reasonable selection by devisee**

It is reasonable to infer that the testator intended that his wife have the power to make a reasonable selection of a 30-acre tract "immediately surrounding the homeplace" where testator devised to his wife the homeplace they occupied at the time of his death "together with thirty (30) acres of real estate immediately surrounding the homeplace"; the wife was the primary beneficiary of his will and the principal object of his bounty; testator named his wife as both executor of his estate and trustee of his residuary devise and gave her absolute power to deal with property in the estate or trust; before his death, testator had purchased enough split rail fencing to go around 30 acres and had actually installed part of the fence; and testator and his wife both undoubtedly knew precisely what metes and bounds would be necessary to lay off thirty acres "immediately surrounding" their home. Furthermore, the wife's selection of a 30-acre tract was reasonable where the home itself is almost exactly in the center of the tract selected.

Justice BILLINGS took no part in the consideration or decision of this case.

APPEAL of right by defendant under N.C.G.S. § 7A-30 from the decision of a divided panel of the Court of Appeals (opinion by *Johnson, J.,* concurred in by *Wells, J., Becton, J.,* dissenting), 69 N.C. App. 717, 318 S.E. 2d 324 (1984), vacating summary judgment for defendant entered by *Helms, J.,* presiding at the 1 November 1982 Session of IREDELL County Superior Court. Defendant's petition under N.C.G.S. § 7A-31 for discretionary review as to additional issues denied, 312 N.C. 89, 321 S.E. 2d 907 (1984).

*William T. Graham for plaintiff appellees.*

*Rudisill & Brackett, P.A., by J. Richardson Rudisill, Jr.; Tharrington, Smith & Hargrove, by Wade M. Smith, for defendant appellant.*

EXUM, Justice.

This is a declaratory judgment action for the construction of a will. The question is whether a devise of a specified number of acres, not described by metes and bounds, out of a larger tract is too vague to be valid. The Court of Appeals, relying on *Hodges v. Stewart*, 218 N.C. 290, 10 S.E. 2d 723 (1940), concluded that it was and vacated the trial court's summary judgment for defendant which sustained the devise. We overrule *Hodges v. Stewart*, reverse the Court of Appeals' decision and reinstate the judgment of the trial court. We conclude under the circumstances of this case that the devisee has the power to make a reasonable selection of the specified number of acres devised out of the larger tract and that the selection made by the devisee was reasonable. Therefore, the trial judge properly entered judgment declaring that the devisee holds fee simple title to the acreage she selected.

I.

[1] The testator, Aaron William Rowe, had been twice married. Plaintiffs are the children of Maxine Rowe, to whom testator was first married. This marriage was not a happy one and ended in divorce on 27 August 1973. Later testator married defendant, Lucille Jones, to whom he remained happily married until his sudden and untimely death on 28 April 1981.

At his death testator owned a tract consisting of approximately 164 acres. After his marriage to defendant, testator and defendant selected a site on testator's 164-acre tract on which they built their home. Together they cleared this site and did much of the construction work on the home themselves. Testator had also purchased enough split rail fencing to encompass 30 acres and had erected this fencing around a part of the tract.

Testator's will, executed 30 November 1976, devised to his wife, Lucille Rowe,

the home place occupied by us at the time of my death, together with thirty (30) acres of real estate immediately sur-

rounding the home place, to be hers in fee simple, absolutely and forever.

After providing for the payment of debts and expenses, the will left the remainder of testator's property to his wife, Lucille Rowe, "in trust for her and for my seven children. . . ." The will directed Lucille Rowe to hold "said property as trustee for my seven children, until they reach the age of twenty-five years, and for herself, who are to share equally." Testator named Lucille Rowe as his executor and gave her broad powers with which to administer both the trust and the estate. The will provided that as executor and trustee Lucille Rowe had "absolute power to deal with any property, real or personal, held in my estate or in trust, as freely as I might in the handling of my own affairs." The will gave Lucille Rowe as trustee and executor "full and complete power, without orders of any court . . . to sell, exchange, assign, transfer, and convey any . . . property, real or personal, held in my estate, and to hold said funds for the purposes herein enumerated." Finally the will gave Lucille Rowe as trustee and executor "full authority and power of sale over any and all property of every kind and description in order to carry out the provisions and conditions of this will . . . ." The will authorized Lucille Rowe to serve as executor and trustee without bond.

A codicil to testator's will, executed 24 February 1977, excluded from the trust and bequeathed instead to Lucille Rowe "all of the household and kitchen furniture, farm equipment, cows and other livestock owned by me at the time of my death. . . ."

In May 1981, after testator's death, Lucille Rowe employed a surveyor to lay off 30 acres of land out of testator's 164-acre tract. The 30 acres laid off by the surveyor does in fact immediately surround the residence occupied by the testator and Lucille Rowe at the time of testator's death, and this residence is situated approximately in the center of the 30-acre tract so surveyed. On 25 June 1981 Lucille Rowe, in her capacity as executor of testator's estate, conveyed to herself individually the 30 acres of real estate described in the survey.

Plaintiffs seek a declaration that the 30-acre devise fails for vagueness. Defendant answered, taking the position that the devise was not void for vagueness and that she was entitled to the 30 acres contained in the executor's deed. Both plaintiffs and

defendant moved for summary judgment. Defendant's uncontradicted evidentiary forecast tended to show that the facts were as set out above. Plaintiffs made no evidentiary forecast. Judge Helms, concluding there was "no genuine issue as to any material fact and that defendant is entitled to judgment in her favor as a matter of law," entered summary judgment for defendant. He determined that the 30-acre devise did not fail and that Lucille Rowe individually held title to the 30-acre tract described in the executor's deed. On plaintiffs' appeal, the Court of Appeals, on the authority of *Hodges v. Stewart*, 218 N.C. 290, 10 S.E. 2d 723 (1940), vacated this judgment and remanded the matter for further proceedings.

The Court of Appeals held that under *Hodges*, it was constrained to invalidate the devise for uncertainty, despite the testator's unequivocally expressed intention to give his wife Lucille their home and the 30 acres immediately surrounding it. *Stephenson v. Rowe*, 69 N.C. App. 717, 720-21, 318 S.E. 2d 324, 326 (1984). Noting that ". . . we should not lightly disregard such clearly expressed wishes," *id.* at 720, 318 S.E. 2d at 326, the Court of Appeals felt compelled to reach a result "contradictory to the express intent of the testator" because "*Hodges* must supply the rule of decision." *Id.* at 722-23, 318 S.E. 2d at 327.

In *Hodges*, the testator died owning two tracts of land, an 82-acre tract known as the home tract, and another 83-acre tract. He devised to his son, Jesse, "twenty-five acres of the home tract of land including the building and outhouses, and the remainder of my real estate to be divided equally among all my children." This Court stated:

> We are of opinion, and so hold, that the devise to the defendant Jesse C. Stewart of twenty-five acres out of a larger tract of 82 acres is void for vagueness and uncertainty in the description of the property attempted to be devised. The will furnishes no means by which the twenty-five acres can be identified and set apart, nor does the will refer to anything extrinsic by which the twenty-five acres can be located. The will fixes no beginning point or boundary. It is too vague and indefinite to admit of parol evidence to support it. There is nothing to indicate where or how the testator intended the twenty-five acres should be set apart out of

the 82 acres in the home tract. The principle is firmly established in our law that a conveyance of land by deed or will must set forth a subject matter, either certain within itself or capable of being made certain by recurrence to something extrinsic to which the instrument refers. It is essential to the validity of a devise of land that the land be described with sufficient definiteness and certainty to be located and distinguished from other land. The language in which the devise to Jesse C. Stewart is expressed contains no reference to anything extrinsic which by recurrence thereto is capable of making the description certain under the principle *id certum est quod certum reddi potest.*

*Hodges v. Stewart*, 218 N.C. at 291, 10 S.E. 2d at 724.

In concluding that *Hodges* controlled its decision, the Court of Appeals said:

The only difference between this case and *Hodges* lies in the words 'immediately surrounding.' These fix no beginning point or boundary, however. They do not indicate how the 30 acres are to be separated from the other land, except by mathematical speculation. They are thus too vague and indefinite 'to admit of parol evidence to support them.' *Id.* Therefore, the trial court erred in implicitly ruling, as it must have to consider defendant's parol evidence, that the devise was only latently ambiguous. *A fortiori*, the summary judgment based thereon also constituted error.

69 N.C. App. at 721, 318 S.E. 2d at 326.

Judge Becton dissented on the ground that *Hodges* "overlooks the fundamental distinction between the sufficiency of descriptions required in deeds as opposed to devises under wills. . . ." *Id.* at 723, 318 S.E. 2d at 327 (Becton, J., dissenting). Judge Becton noted that Judge Robert Martin had earlier in dissent questioned on similar grounds the soundness of *Hodges* and urged this Court to reconsider it. *Taylor v. Taylor*, 45 N.C. App. 449, 263 S.E. 2d 351, *rev'd on other grounds*, 301 N.C. 357, 271 S.E. 2d 506 (1980) (Martin, Robert, J., dissenting).

## II.

After carefully examining *Hodges*, we agree with Judges Becton and Robert Martin that the case was wrongly decided.

Where it is clear, as in this case and in *Hodges*, that a testator intends for a devisee to have a specified number of acres out of a larger tract but does not provide a metes and bounds description of those acres, courts have generally been able to save the devise rather than declare it void for vagueness. It is, after all, the courts' duty if possible to render the will "operative rather than invalid," *Faison v. Middleton*, 171 N.C. 170, 173, 88 S.E. 141, 143 (1916), and to give effect to the testator's intent "if it is not in contravention of some established rule of law or public policy. Such intention is to be determined by an examination of the will, in its entirety, in light of all surrounding facts and circumstances known to the testator." *Bank v. Home for Children*, 280 N.C. 354, 359-60, 185 S.E. 2d 836, 840 (1972).

It is generally agreed that devises in wills are to be interpreted more liberally than conveyances in deeds in order, if possible, to give effect to the testator's intent.

> While both deeds and wills are to be given a liberal interpretation, it is said that a will is construed more liberally than a deed. The greater liberality in construing wills seems completely sound. Wills, as well as donative deeds, are unilateral transactions upon which the conveyee has no grounds upon which to claim reliance. It is the subjective intent of the testator that should therefore be allowed to control. In the case of deeds for consideration, contracts, and two-party commercial transactions the conveyor receives something of value from the conveyee and the conveyee has certain grounds for asserting the doctrine of reliance. Therefore, in these two-party transactions the conveyor ought to be bound by the meaning which he reasonably should have anticipated that the conveyee would derive from the language employed. In other words, it is the establishment of an objective meaning that is sought.

4 W. Page, *Law of Wills* § 30.2 at 8 (W. Bowe & D. Parker rev. ed. 1961) (citations omitted). Judge Becton noted one practical reason for a more liberal construction for wills than for deeds: "[T]he parties may correct an improperly drawn deed, while a testator, after death, cannot remedy technical mistakes in drafting." *Stephenson v. Rowe*, 69 N.C. App. at 723-24, 318 S.E. 2d at 328 (Becton, J., dissenting). *See also Wade v. Sherrod*, 342 S.W. 2d 17 (Tex. Civ. App. 1960).

Cases from the several jurisdictions which have addressed the issue also support the rule that wills should be treated more liberally in effectuating the testator's intent than should deeds, contracts and other instruments. *See Dickey v. Walrond*, 200 Cal. 335, 253 P. 706 (1927); *Wise v. Potomac National Bank*, 393 Ill. 357, 65 N.E. 2d 767 (1946); *Wallace v. Noland*, 246 Ill. 535, 92 N.E. 956 (1910); *Hamlyn v. Hamlyn*, 103 Ind. App. 333, 7 N.E. 2d 644 (1937); *Friedmeyer v. Lynch*, 226 Iowa 251, 284 N.W. 160 (1939); *Davis v. Corabi*, 421 S.W. 2d 677 (Tex. Civ. App. 1967); *In re Johnson's Estate*, 64 Utah 114, 228 P. 748 (1924).

Descriptions similar to the one in the case at bar are generally held valid and enforceable in wills even if void for vagueness in deeds. *Compare* Annot., 117 A.L.R. 1071 (1938); *with* Annot., 157 A.L.R. 1129 (1945) (noting that *Hodges* contradicts the established rule and earlier North Carolina cases which the Court apparently overlooked. *Id.* at 1130, 1137).

To save devises of parts of larger tracts when the parts have not been described by metes and bounds, courts have employed three methods:

One is to permit evidence of circumstances which tend to fit the description in the will to land intended to be devised. *Stockard v. Warren*, 175 N.C. 283, 95 S.E. 579 (1918) (contract to will beneficiary "two hundred acres of land on homeplace"); *Fulwood v. Fulwood*, 161 N.C. 601, 77 S.E. 763 (1913) (devise of "homestead tract"); *Boddie v. Bond*, 158 N.C. 204, 73 S.E. 988 (1912) (devise to wife of "the house where we now live, with all the outhouses and premises, embracing the peach and apple orchard"); *In re Will of McIlhattan*, 198 Wis. 518, 224 N.W. 713 (1929) (devise of "the west half of the northeast quarter, less three acres"); *see* 1 Wiggins, *North Carolina Wills* § 138 (2d ed. 1983); *see also Caudle v. Caudle*, 159 N.C. 53, 74 S.E. 631 (1912).

Another is to consider devisees of specified numbers of acres out of larger tracts to be tenants in common of the entire tract in proportion to their devises. If unable to agree among themselves to an appropriate division of the devised land, the devisees could petition the court for the appointment of commissioners to divide it fairly among them. *Caudle v. Caudle*, 159 N.C. 53, 74 S.E. 631 (1912) (testator devised to each of her five children a specified number of acres totaling 347 out of 347-acre tract, of which one

devise included "the old home place where I now live"); *Wright v. Harris*, 116 N.C. 462, 21 S.E. 914 (1895) (50 acres "at some suitable place" out of 1,200-acre tract); *Harvey v. Harvey*, 72 N.C. 570 (1875) (two sons each given 250 acres; one tract to include testator's home, the other, buildings occupied by devisee; both to come out of two tracts owned by testator consisting, respectively, of 705 acres and 68¾ acres). *Caudle, Wright* and *Harvey* predated *Hodges* but were not referred to in that case. Courts from other jurisdictions have also resorted to the tenants in common solution, which our cases have recognized, and have denied a devisee's right to select where the relationships of all devisees to the testator were substantially the same. *Smith v. Burt*, 388 Ill. 162, 57 N.E. 2d 493 (1944) (nephew and niece given, respectively, 80 acres including farm buildings and remaining 135 acres); *Lambert v. Lambert*, 243 S.W. 623 (Tex. Civ. App. 1922) (100 acres each to two granddaughters; 50 acres each to two other granddaughters).

Finally, although this Court has not yet employed this method,[1] courts from other jurisdictions have found in appropriate circumstances an intent on the part of the testator to empower the devisee to make a reasonable selection of the acreage. *Baumhauer v. Jones*, 224 Ala. 484, 140 So. 425 (1932) (devise of homeplace and 300 surrounding acres to daughter, who made a fair and reasonable selection); *Prater v. Hughston*, 202 Ala. 192, 79 So. 564 (1918) (devise of forty acres out of a 153-acre tract; devisee "primary object of testator's bounty"); *Nichols v. Swickard*, 211 Iowa 957 (1931) (devisee had lived on land for many years); *Youmans v. Youmans*, 26 N.J. Eq. 149 (1875) (devisee was testator's widow); *Matter of Turner*, 206 N.Y. 93, 99 N.E. 187, *remittitur ordered*, 206 N.Y. 676, 99 N.E. 1018 (1912) (devise of "one house" to each of testator's children; held, each child had the right to select in the order in which they were named in the will); *Young v. Young*, 109 Va. 222, 63 S.E. 748 (1909) (devisees, testator's daughter and grandson, given specified number of acres, respectively, out of larger tract). *See* 4 W. Page, *Law of Wills*, § 36.3 at 552-53 (W. Bowe & D. Parker rev. ed. 1961).

---

1. Our Court of Appeals has recognized the validity of an express power of selection. *Cable v. Hardin Oil Co.*, 10 N.C. App. 569, 179 S.E. 2d 829, *cert. denied*, 278 N.C. 521, 180 S.E. 2d 863 (1971).

In *Hodges* this Court sought to justify its holding by citing eleven North Carolina cases thought to support the decision. *Hodges*, 218 N.C. at 291-92, 10 S.E. 2d at 724. Of these cases involving sufficiency of description of land, eight dealt with conveyances by deed,[2] two with mortgages,[3] and one with tax foreclosure.[4] None dealt with testamentary conveyances. Two further cases were cited in *Hodges* for the proposition that:

> [A]n attempted invalid devise, one which the law decrees void, affords no legal evidence of an intention in the testator to devise. The court cannot make a will for the testator nor add to the valid portions of his will provisions which are not therein expressed. Having stricken down the devise as void, the court will not resurrect it and give it vitality in order to effectuate a purpose not expressed in the will.

*Id.* at 292, 10 S.E. 2d at 724. Both of these cases cited, however, dealt with the sufficiency of execution formalities and attestation rather than the sufficiency of description of land. *McGehee v. McGehee*, 189 N.C. 558, 127 S.E. 549 (1925); *Melchor v. Burger*, 21 N.C. 634 (1837).

Agreeing with the Court of Appeals that if *Hodges* remains good law it controls this case to the detriment of the testator's intent, we are faced squarely with the question we did not reach in *Taylor v. Taylor*, 301 N.C. 357, 271 S.E. 2d 506 (1980) — should *Hodges* be overruled?[5] We do not lightly overrule our precedents, particularly those which may affect title to real property, *Mims v.*

---

2. *North Carolina Self-Help Corp. v. Brinkley*, 215 N.C. 615, 2 S.E. 2d 889 (1939); *Katz v. Daughtrey*, 198 N.C. 393, 151 S.E. 879 (1930); *Higdon v. Howell*, 167 N.C. 455, 83 S.E. 807 (1914); *Beard v. Taylor*, 157 N.C. 440, 73 S.E. 213 (1911); *Cathey v. Buchanan Lumber Co.*, 151 N.C. 592, 66 S.E. 580 (1909); *Smith v. Proctor*, 139 N.C. 314, 51 S.E. 889 (1905); *Kennedy v. Maness*, 138 N.C. 35, 50 S.E. 450 (1905); and *Deaver v. Jones*, 114 N.C. 649, 19 S.E. 637 (1894).

3. *Bissette v. Strickland*, 191 N.C. 260, 131 S.E. 655 (1926); and *Harris v. Woodard*, 130 N.C. 580, 41 S.E. 790 (1902).

4. *Johnston County v. Stewart*, 217 N.C. 334, 7 S.E. 2d 708 (1940).

5. Whether *Hodges* should have been overruled was the question which divided the Court of Appeals not only in the instant case but also in *Taylor*. On appeal in *Taylor* this Court concluded the testator's widow, having dissented from his will, could not take advantage of the disputed devise. The Court, therefore, did not reach the issue of whether *Hodges* should be reconsidered.

*Mims*, 305 N.C. 41, 286 S.E. 2d 779 (1982); but if the circumstances are compelling, this Court "possesses the authority to alter judicially created common law when it deems it necessary in light of experience and reason." *Id.* at 55, 286 S.E. 2d at 788, *quoting State v. Freeman*, 302 N.C. 591, 594, 276 S.E. 2d 450, 452 (1981); *accord, Walls v. Grohman*, 315 N.C. 239, 337 S.E. 2d 556 (1985) (overruling precedents on law of adverse possession).

Because *Hodges* (1) relies on cases dealing with, and seems to apply principles of construction more appropriate to, inter vivos conveyances than to testamentary devises, (2) seems contrary to earlier authority in our own jurisdiction construing similar devises, and (3) is contrary to the great weight of authority in other jurisdictions on the subject, we conclude compelling reasons exist to declare the case no longer authoritative on the point it decided. It is hereby overruled.

The question remains as to which of the available methods identified above is most appropriate for carrying out the testator's intent in this case. Our examination of the cases supporting each of the methods reveals: Courts generally permit evidence of circumstances outside the will to save a devise when there are both objective references in the devise, such as "homestead tract," "homeplace," "the house where we live," etc., and competent evidence of circumstances tending to show that these references can be fitted to a particular piece of property with readily ascertainable boundaries which the testator must have had in mind when he used the references. *See, e.g., Fulwood v. Fulwood*, 161 N.C. 601, 77 S.E. 763 (1913). In the absence of such evidence or objective references, courts nevertheless save the devise by treating the devisees as tenants in common who may resort to court-supervised division of the property. This method is generally used when there are a number of devisees of similar relation to the testator and who are treated more or less equally in the will. *See, e.g., Caudle v. Caudle*, 159 N.C. 53, 74 S.E. 631 (1912). Finally, an intent on the part of the testator to give a devisee the power to make a reasonable selection of the tract is usually found in those cases where the devisee is the primary beneficiary, or principal object of the testator's bounty, or is in such relationship with the testator or the devised property itself that it is reasonable to infer the testator intended the devisee to have the power

of reasonable selection. *See, e.g., Prater v. Hughston,* 202 Ala. 192, 70 So. 564 (1918); *Nichols v. Swickard,* 211 Iowa 957 (1931).

[2] In the case at bar the circumstances are such that it is reasonable to infer from them that the testator intended Lucille Rowe to have the power to make a reasonable selection of a 30-acre tract "immediately surrounding the home place." Lucille Rowe was the testator's widow to whom he had been happily married for a number of years before his death. She was the primary beneficiary of his will and the principal object of his bounty. He named her both executor of his estate and trustee of his residuary devise and gave her "absolute power to deal with any property, real or personal, held in my estate or in trust, as freely as I might in the handling of my own affairs." Both testator and Lucille Rowe worked together on their "home place," clearing the land for it, and actually doing much of the construction work themselves on the house. Before his death, testator had purchased enough split rail fencing to go around 30 acres and had actually installed part of the fence. Undoubtedly, both testator and Lucille Rowe knew precisely what metes and bounds would be necessary to lay off 30 acres "immediately surrounding" their home; and testator knew that Lucille Rowe was, therefore, capable of making the mutually desired selection.

Lucille Rowe had a 30-acre tract "immediately surrounding" her home surveyed. The home itself is almost exactly in the center of this tract as surveyed. As executor she executed a deed to this tract to herself, individually as devisee. Clearly her selection was reasonable. The trial court has adjudged her entitled to the tract conveyed.

The judgment of the trial court is correct and should be reinstated. That it may be reinstated, the decision of the Court of Appeals vacating it is

Reversed.

Justice BILLINGS took no part in the consideration or decision of this case.