WALKER F. CROCKER CAUDLE GIBBONEY, Plaintiff v. WACHOVIA BANK, N.A., In Its Capacity as Executor of the Estate of Larry W. Caudle, Deceased, VELLER CAUDLE BOONE, RUTH CAUDLE BAITY, RAYMOND C. CAUDLE, ROBERT C. CAUDLE, EDGAR H. CAUDLE, MELISSA B. HARRELSON, L. CLAY WOOTEN, BARBARA WOOTEN McDONALD, PAULINE WOOTEN CHEEK, BERNICE WOOTEN JONES, LOIS WOOTEN BECK, FLORINE WOOTEN GUEVARRA, CHARLES HERMAN WOOTEN, BETTY WOOTEN HOLDER, BOBBY LEE WOOTEN, NANCY WOOTEN RIST, JERRIE WOOTEN LEWIS and KAREN WOOTEN HAZEN, Defendants

No. COA04-1636

(Filed 6 December 2005)

**Wills— divorced spouse—unchanged will**

The language of N.C.G.S. § 31-5.4 clearly mandates that a former spouse is denied any testate disposition unless the testator clearly indicates in the will that he or she would remain a beneficiary even if they divorced. Neither of the provisions of the will cited by the plaintiff in this case so provides, and summary judgment should not have been granted for plaintiff. Although North Carolina has a long-standing policy of avoiding intestate succession, a will cannot be construed to conflict with a clear legislative mandate.

Appeal by defendants from judgment entered 17 September 2004 by Judge Russell G. Walker, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 15 June 2005.

*Gabriel, Berry, & Weston, L.L.P., by M. Douglas Berry for plaintiff-appellee.*

*Browne, Flebotte, Wilson, Horn & Webb, by Daniel R. Flebotte, for defendants-appellants.*

CALABRIA, Judge.

The surviving next of kin ("defendants") of Larry W. Caudle ("decedent") appeal a summary judgment order declaring Walker F. Crocker Caudle Gibboney ("plaintiff") the sole beneficiary under the terms of decedent's will. We reverse.

From 1962 until 1975, plaintiff and decedent (collectively "the parties") either dated or remained "good friends," until decedent proposed to plaintiff in June 1975. During the time the parties were "simply in a dating relationship," decedent executed a will dated 25 May 1973. Article II of the will set forth four (4) mutually exclusive tiers of contingent dispositions in descending order of priority, paraphrased as follows:

1st: to a surviving wife, lawfully married to decedent on his death date, "absolutely and in fee simple forever"; or

2nd: if no surviving wife, to decedent's surviving children in equal shares fee simple absolute, or *per stirpes* to the issue of decedent's deceased children; or

3rd: if no surviving wife, children, or issue of deceased children, to decedent's parents, Edward W. Caudle and Treva W. Caudle, in equal shares, or to the survivor, in fee simple absolute; or

4th: if none of the above persons survive decedent, to "Miss Walker F. Crocker, of Greensboro, North Carolina, if she shall survive decedent in fee simple absolute."

The will failed to include a specific residuary clause.

The parties were married on 20 September 1975, separated on 19 September 1995, and later divorced on 24 February 1997. They executed a property settlement agreement in which they agreed first, to divide their marital assets and second, not to "make any claim for any interest or estate whatsoever in or to any property, real, personal, or mixed, which the other now owns or hereafter acquires." Decedent died on 11 October 2003 predeceased by his parents. He never changed his will, never remarried, and never had children.

The executor indicated decedent's estate would pass intestate by operation of law. The application for probate and letters testamentary included an addendum listing decedent's surviving paternal and maternal next of kin ("next of kin"). Plaintiff filed a complaint on 23 April 2004, seeking entry of a declaratory judgment regarding the con-

struction and interpretation of decedent's will, specifically that she was the sole surviving beneficiary. In a motion for summary judgment, plaintiff asserted there was "no genuine issue as to any material fact affecting [her] entitlement to a declaratory judgment declaring [her] to be the sole residual beneficiary" under decedent's will. On 17 September 2004, the trial court granted summary judgment, declaring plaintiff the sole residual beneficiary. All defendants except Wachovia Bank appeal.

Defendants argue the court erred in granting plaintiff's motion for summary judgment by failing to conclude that the provisions of the will in favor of plaintiff were revoked by N.C. Gen. Stat. § 31-5.4. We agree.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). When a trial court rules on a motion for summary judgment, "the evidence is viewed in the light most favorable to the non-moving party," *Hinson v. Hinson*, 80 N.C. App. 561, 563, 343 S.E.2d 266, 268 (1986), and all inferences of fact must be drawn against the movant and in favor of the nonmovant. *Floyd v. McGill*, 156 N.C. App. 29, 35, 575 S.E.2d 789, 793 (2003).

If possible, the court's duty is to render a will operative rather than invalid. *Stephenson v. Rowe*, 315 N.C. 330, 335, 338 S.E.2d 301, 304 (1986). The testator's intent is "the polar star which is to guide [the courts] in the interpretation of all wills[.]" *Clark v. Connor*, 253 N.C. 515, 520, 117 S.E.2d 465, 468 (1960). In construing a will, we also consider established rules of law and public policy. *Stephenson*, 315 N.C. at 335, 338 S.E.2d at 304 (1986). North Carolina General Statutes § 31-5.4 (2003) expressly provides:

[d]issolution of marriage by absolute divorce or annulment after making a will does not revoke the will of any testator but, *unless otherwise specifically provided in the will*, it revokes *all provisions* in the will in favor of the testator's former spouse or purported former spouse, including, but not by way of limitation, any provision conferring a general or special power of appointment on the former spouse or purported former spouse and any appointment of the former spouse or purported former spouse as executor, trustee, conservator, or guardian. If provisions are

revoked solely by this section, they are revived by the testator's remarriage to the former spouse or purported former spouse.

(Emphasis added.)

In accordance with this statute, we consider whether decedent "otherwise specifically provided" for plaintiff to take under his will in a manner rendering the automatic revocation provision of N.C. Gen. Stat. § 31-5.4 inoperative upon the parties' divorce. Plaintiff argues the first and fourth dispositional tiers satisfy the exception provisions. Specifically, plaintiff asserts the will's terms create the following alternative disposition of decedent's estate: the first tier provides for plaintiff only if she was legally married to decedent upon his death and the fourth tier operates as a final, residual disposition specifically to plaintiff in the event there were no beneficiaries available to take under the prior three tiers, including plaintiff as a lawfully wedded spouse under the first tier. We hold that plaintiff's argument is unavailing.

"Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." *Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). Thus, the statute "must be given effect and its clear meaning may not be evaded by an administrative body or a court under the guise of construction." *Utilities Comm. v. Edmisten, Atty. General*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977). The language of N.C. Gen. Stat. § 31-5.4 (2003) that "unless otherwise *specifically* provided [dissolution of marriage by divorce] revokes *all provisions* in the will in favor of the testator's former spouse," clearly mandates that unless the testator expressly indicates in his will that even if he divorces his spouse she would remain a beneficiary, the former spouse is denied any testate disposition. In this case, the decedent failed to so provide. Neither of the provisions of the will cited by plaintiff expressly provides, as required by statute, that if decedent divorces plaintiff, plaintiff would take any testamentary disposition. Absent such a statement in decedent's will, plaintiff has not satisfied the requirements of N.C. Gen. Stat. § 31-5.4.

While we agree with plaintiff that this State has a long-standing policy to construe a will so as to avoid the intestate distribution of any part of a testator's property, *see Misenheimer v. Misenheimer*, 312 N.C. 692, 325 S.E.2d 195 (1985), we cannot affirm a construction of a will that conflicts with the clear legislative mandate of N.C. Gen. Stat. § 31-5.4. Because we hold decedent's will failed to specifically

provide for plaintiff in a manner rendering the automatic revocation provisions of N.C. Gen. Stat. § 31-5.4 inoperative, we do not reach the issue of what impact the parties' property settlement agreement otherwise had on plaintiff's ability to take under this will.

We reverse the trial court's summary judgment finding plaintiff the sole beneficiary under the decedent's will and remand for entry of summary judgment in favor of defendants.

Reversed and remanded.

Judges ELMORE and GEER concur.